Harris *v.* The State.

## JAMES HARRIS *v.* THE STATE.

1. INDICTMENT. *Pleading. Surplusage.* Where an indictment charges an offense in the language of the statute, other and additional averments not required by the statute, do not necessarily change the offense into a different one. Such additional averments should be disregarded as surplusage.

2. OBSTRUCTING RAILROAD TRACK.· *Death occasioned thereby.* Placing obstructions on a railroad track, whereby a *hand-car* is thrown from the track, and an employe of the railroad killed, is not a violation of sections 5387, 5388 of the (M. & V.) Code. The statute relates alone to cars and trains propelled by steam and drawn by locomotives.

FROM HICKMAN.

Appeal in error from the Circuit Court of Hickman county. JOHN V. WRIGHT, Sp. J.

W. A. THOMA for Harris.

ATTORNEY-GENERAL LEA for the State.

WILSON, Sp. J., delivered the opinion of the court.

The plaintiff in error was indicted and tried in the circuit court of Hickman county for wilfully, maliciously and feloniously putting an obstruction upon the track of a railroad in Hickman county, Tennessee, which threw from the track a hand-car containing some employes of the road, causing the death of one of them.

The indictment, after specifying the character of the obstructions, and how they were placed upon the track, and stating that they were wilfully, maliciously and feloniously put thereon, and had resulted in throwing a hand-car therefrom, causing the death of James Lynch, concludes thus: "And so the jurors aforesaid, upon their oath aforesaid, do say that the said James Harris, by the means aforesaid, in the State and county aforesaid, on the day and year aforesaid, in manner and form as aforesaid, the said James Lynch, feloniously, wilfully, deliberately, maliciously and premeditatedly did kill and murder in the first degree."

The prisoner was found guilty as charged in the indictment, with mitigating circumstances, and upon this verdict of the jury he was sentenced to the penitentiary for life. A new trial having been refused, he has appealed to this court.

Under section 4638 of the Code, "whoever wilfully and maliciously puts upon the track of any railroad in this State, any kind of obstruction, or

loosens, destroys or injures any of the machinery, gear or apparatus of the locomotive or cars, removes or changes any signal so as to endanger the safe running of the locomotive and cars, or either or any of them, is guilty of a felony, and upon conviction of either offense shall be imprisoned in the penitentiary not less than two nor more than fifteen years."

Section 4639 provides that if any person is killed by any accident occasioned by either of the offenses enumerated in the preceding section, the offender is guilty of murder in the second degree, and that he is to be punished accordingly.

By an act of the Legislature, passed in 1871 (Millikin & Vertrees' Code, section 5388), it is enacted that if any person is killed by any accident occasioned by either of the offenses enumerated in section 4638, before quoted, the offender shall be deemed guilty of a felony, and on conviction shall suffer death by hanging.

His Honor, below, held that the indictment was framed upon these provisions of our law, charging the jury fully and correctly with respect thereto, and what must appear to their satisfaction in order to make out the charge thereunder.

It was urged below that the indictment preferred a charge of murder in the first degree under section 4598 of the Code, in view of the concluding portion of it hereinbefore enacted, and the trial judge was requested to instruct the jury upon the different grades of homicide, and the law applicable to them. His refusal to do so is assigned as error.

This contention is untenable. The indictment charges the offense of putting obstructions upon railroad tracks in this State, in the words of the statute, and because it contained other and additional averments not required by the statute, does not necessarily change the offense into a different one. Moreover, it is not framed nor is it sufficient, as an indictment for murder in the first degree.

The indictment having charged, in the language of the statute, the offense of putting obstructions on a railroad track which occasioned the death of Lynch, the concluding portion of it quoted above is mere surplusage and may be disregarded: 6 Lea, 586.

The evidence shows that the car thrown from the track by the obstruction placed upon it by the prisoner was a hand-car, used by the hands of the company employed to keep the road in repair; that it was not moved by being attached to an engine, nor used by the company in running its trains to meet the business and traveling demands of the public, or any portion of the public. And it is insisted that an obstruction throwing it from the track is not within the purview or meaning of the statute creating the offense charged in the indictment. We think that this position is sustained by a correct construction of the statutes, viewing them in the light of the evil intended to be remedied. It is obvious that the Legislature, when specifying the obstructions and other enumerated offenses that endangered the "safe running of the *locomotive and cars*," or either or any of them, had in view trains or cars moved by an engine pro-

Harris *v.* The State.

pelled by steam, or in some manner connected with the movements of an engine so propelled.

The main and great purpose of the Legislature was to protect the traveling public and its commerce in their transportation over railroads by steam, and those engaged in this service, so as to secure to both safety, and, at the same time, rapid transit. It was not intended by these acts to denounce this severe penalty of death for throwing from the tracks, by an obstruction, a hand-car propelled by employes and used for the purpose of keeping the tracks in repair and free from obstructions.

If the prisoner put the obstructions on the track of the railroad, as charged in the indictment, and they were such as to endanger the safe running of locomotives and cars, or either or any of them, as herein indicated, he may be convicted for it, and sentenced to the penitentiary for a period of not less than two nor more than fifteen years, although no injury was occasioned thereby.

If death or injury resulted to any person from the obstructions placed upon the track by him, he may be indicted for murder or manslaughter, and be convicted of either, accordingly as the proof may show the elements of either to exist.

The judgment will be reversed and the cause remanded for a new trial, or for such other proceedings as the proper officer of the State may deem proper and appropriate.

COOKE, J., delivered the following dissenting opinion:

The indictment in this case charged that the prisoner "did wilfully, maliciously and feloniously put upon the track of a railroad in Hickman county, and State of Tennessee, a certain obstruction, to-wit, nails, rocks and spikes· in and between the rails of the track of said railroad, which said obstruction, nails, rocks and spikes driven, placed and put in and between the rails as aforesaid, did throw off and from said railroad track a certain hand-car, and thereby kill one James Lynch, who was on said hand-car and thrown off as aforesaid; and so the jurors aforesaid, upon their oath aforesaid, do say that the said James Harris, by the means aforesaid, in the State and county aforesaid, on the day and year aforesaid, in manner and form aforesaid, the said James Lynch feloniously, wilfully, deliberately, maliciously and premeditatedly did kill and murder in the first degree."

The prisoner was tried and found "guilty in manner and form as charged in the indictment." The jury further found that there were mitigating circumstances, and the court sentenced him to imprisonment in the penitentiary for life. His motion for a new trial having been overruled, he has appealed to this court.

By section 4638 of the Code, it is provided that "whoever wilfully and maliciously puts upon the track of any railroad in this State any kind of obstruction, or loosens, destroys or injures any of the machinery, gear or apparatus of the locomotive or cars, or re-

moves or changes any signal so as to endanger the safe running of the locomotive and cars, or either or any of them, is guilty of a felony, and upon conviction of either offense, shall be imprisoned in the penitentiary not less than two nor more than fifteen years."

By section 4639 it was provided if any person is killed by any accident occasioned by either of the offenses enumerated in the foregoing section, the offender is guilty of murder ·in the second degree, and shall be punished accordingly.

This section was changed by the act of 1871, which provided, that "if any person is killed by any accident occasioned by either of the offenses enumerated in said section (4638), the offender shall be deemed guilty of a felony, and on conviction shall suffer death by hanging": Millikin & Vertrees' Code, sec. 5388.

It is conceded that if the indictment in this case is under the sections above cited, the charge of the court is unexceptionable. But it is insisted that it is framed and is an indictment for murder in the first degree, under section 4598 of the Code.

This view was urged in the court below, and his Honor, the circuit judge, was requested to charge the jury upon all the different grades of felonious homicide, and submit to them, upon the evidence, of which, if any, the defendant was guilty. This the court declined to do, but charged them in relation to the offenses embraced in the sections above cited, in regard to placing obstructions, etc., on railroad tracks, and this is insisted on as error. There is nothing, as we think, in this position. The indictment in this

case is not framed and is not sufficient as an indictment for murder in the first degree of the deceased, James Lynch, under section 4598 of the Code, as it no where avers or alleges that the obstructions were placed upon the track by the defendant for the purpose or with the intent to kill and murder the deceased, or with any malicious intent towards the deceased, or that the acts which caused the death of the deceased were performed with deliberation or premeditation, so as to contain the elements of murder in the first degree, nor do the deductions of the pleader, from the facts averred in the concluding part of the indictment, supply these defects. But the indictment does aver, in the language of the statute, all that is necessary to constitute the offense of wilfully and maliciously placing obstructions on a railroad track which caused an accident by which the deceased was killed; and while the concluding portion of the indictment, "and so the jurors aforesaid, upon their oath aforesaid, do say," etc., is only the deduction of the draftsman, as we have before stated, and was wholly unnecessary and may be wholly disregarded as mere redundancy or surplusage, the indictment is framed under the sections of the Code above cited and is sufficient, although it contains a redundancy of verbiage. An indictment containing all the *necessary* averments of an assault with intent to commit murder in the second degree, has been held to be good as such, although it charged the intent to commit murder in the first degree, but was defective as an indictment for that offense: *State* v. *Taylor*, 6 Lea, 586.

It is next insisted that a hand-car is not a *car* within the meaning of the statutes, so as to render the defendant guilty of the offense created by it, or constitute the offense in this instance as created by it. The language of the statute is, "so as to endanger the safe running of the locomotive and cars, *or either or any* of them." The hand-car on which the deceased was riding was a car running upon the track, upon which seven persons were being carried; its safe running was endangered, an accident was caused by the obstructions, the car being thrown from the track, by which the deceased was killed, and is, we think, within the letter as well as the spirit of the statute.

We cannot assent to the proposition that the Legislature had no purpose to protect the lives of others than regular passengers upon railroads or the *traveling* public; but are of opinion it was the purpose to protect the lives of all persons endangered by this most abhorrent practice of placing obstructions upon railroads; nor do we consider the penalty for such offense too severe. That, however, is a matter with which we have nothing to do.

It is also insisted that the evidence in the case does not justify the verdict. We have carefully examined the testimony. It shows that the defendant, at the time of the occurrence, was only about fourteen years of age. But the testimony is abundant that he deliberately placed two obstructions on the track, which was done by driving railroad spikes in the spaces between the ends of the rails, and that he knew the danger, and spoke of throwing off the cars while

placing these obstructions, and the evidence leaves no doubt but such was his purpose. The spikes so placed which threw the hand-car off the track, were upon a trestle over fifty feet high, as the testimony shows that the car and the deceased fell over fifty feet. We think from the testimony that there is no doubt but these obstructions were so placed by the defendant wilfully and with an evil or malicious intent. The jury have so found, under a full and fair charge, and we do not see any grounds upon which their verdict can be disturbed. The jury, no doubt on account of the prisoner's youth, found there were mitigating circumstances. We can see no other in the record, and the court has, in the exercise of its discretion, commuted the punishment from death to imprisonment for life, which was all that could, under the testimony in the case, have been done for the defendant.

There is no error in the record and the judgment should be affirmed. We therefore dissent from the opinion of the majority reversing this case.

DEADERICK, C. J., concurs in this opinion.