Clarence Eddie CAMPBELL,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Supreme Court of Tennessee.

Feb. 20, 1973.

Harold E. Brown, Chattanooga, for plaintiff-in-error.

David M. Pack, Atty. Gen., State of Tennessee, Charles W. Cherry, Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Stanley Lanzo & Franklin Groves, Asst. Dist. Attys. Gen., Chattanooga, for defendant-in-error.

## OPINION

HUMPHREYS, Justice.

Defendant, represented by retained counsel, was convicted of second degree murder in the Criminal Court of Hamilton County with a resulting punishment of ten (10) years in the penitentiary. The Court of Criminal Appeals, relying on Sherod v. State, Tenn.Cr.App., 470 S.W.2d 860 (1971), reversed the defendant's conviction because the indictment failed to charge that the defendant killed the deceased "with malice aforethought." However, the Court of Criminal Appeals stated that the evidence clearly warranted a conviction for involuntary manslaughter, and accordingly modified the judgment of the Trial Court so as to adjudge the defendant guilty of that offense and fix his sentence at a minimum of one year in the penitentiary provided the State agreed to that disposition of the case. Otherwise, the case was to be remanded to the Trial Court for a new trial. This Court granted certiorari to consider whether the technical words of art, "with malice aforethought", are necessary in an indictment for murder to render that indictment sufficient.

The indictment in the case sub judice charged:

"That Clarence Eddie Campbell, alias Clarence Campbell heretofore on the 21st day of June, 1969, . . ., did *unlawfully, feloniously, deliberately and maliciously kill and murder* Doyle Jackson Chadwick by voluntarily being in a drunken condition from intoxicating beverages and knowingly drove an automobile along and over Broad Street and 20th Street of Hamilton County, Tennessee, at a dangerous and reckless speed and in a grossly negligent manner, and in wilful or wanton disregard for the safety of other persons or property, and with knowledge that his condition in thus driving was perilous to the life, limb and property of other persons; and while so driving and operating said automobile upon said highway, and as a direct and proximate result of said unlawful driving of the same, the said Clarence Eddie Campbell, alias Clarence Campbell, drove said automobile out of control and through a red light at said intersection, striking the side of an automobile driven by the deceased, Doyle Jackson Chadwick, and as a direct and proximate result of which the said Doyle Jackson Chadwick died, against the peace and dignity of the State. (emphasis added)."

Suffice it to say that although the case rested entirely on circumstantial evidence, the proof fully met the test required by the law in circumstantial evidence cases. *See,* Marable v. State, 203 Tenn. 440, 313 S.W. 2d 451 (1957); Patterson v. State, Tenn. Cr.App., 475 S.W.2d 201 (1971). Therefore, we are only concerned with the question as regards the sufficiency of the indictment.

At common law, as today, an indictment had to set forth the offense with clearness and certainty, but, at common law, particular words of art had to be used in alleging certain offenses as they were "so appropriated by the law to express the precise idea which it entertains of the offense, that no other words, however synonymous they may seem, are capable of doing it." 4 Blackstone's Commentaries, 306–307 (Lewis ed. 1900). The offense of killing had to be committed "with malice aforethought" to make it the crime of murder. That was the grand criterion which distinguished murder from other types of killing. Id. at 198–199. Therefore, the omission of the term "with malice aforethought" made an indictment incapable of sustaining a conviction for murder at common law. Nicholson's Case, (1798) 1 East, P.C. 346. But, if there were proper averments of killing, a conviction of manslaughter under such an indictment could be maintained. 1 Wharton, Criminal Law, § 673 (12th ed. 1932).

Statutory enactments in this State, beginning with the Acts of 1829, were drafted to dispense with the common law technical language requirements in indictments. The Code of 1858 dealt with the problem in the following sections:

"5114. The statement of the facts constituting the offence, in an indictment, shall be in ordinary and concise language, without prolixity or repetition.

"5117. The act or omission charged as the offence shall be stated with such degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

"5119. All indictments for offences designated by law, which are offences at the common law, are good, if the offence is charged or described according to the common law.

"5120. On the other hand, in all cases where the common law prescribes particular and technical language to describe an offence punished by this Code, it is sufficient to describe the offence according to the general rules laid down in this chapter."

Our current statutes reveal much of the same language. T.C.A. § 40–1805 provides:

"In an indictment for an offense which was indictable at common law, the offense may be charged or described substantially as at common law; or it will be sufficient to describe the offense according to the general rules laid down in this chapter."

T.C.A. § 40–1802 provides:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment."

While the statutory language seems to settle the problem, a perusal of our early cases indicates, however, that there was considerable confusion in applying these statutes in conjunction with the common law definition of murder. *Compare* State v. Ladd, 32 Tenn. 226 (1852) with Staton v. State, 3 Shannon's Cases 602 (1875).

Adding to the confusion was our case of Witt v. State, 46 Tenn. 5 (1868). In *Witt,* the indictment charged that Witt did "willfully, maliciously, deliberately, and premeditatedly, kill and murder the said Samuel Cunningham, . . ." The Court stated:

"The indictment in this record is fatally defective in omitting the charge that the offense was committed feloniously, or with malice *aforethought*; and containing no words of equivalent import. These words were absolutely essential to the sufficiency of an indictment at com-

mon law. The Code, secs. 5114 and 5120, declares, that indictments shall be framed in ordinary and concise language, and that where the common law prescribes particular and technical language, it is sufficient to describe the offense according to the general rules laid down in the Code. But this does not authorize the omission from the indictment of any words essential to the description of the offense.

"The words used in the definition of the offense of murder, in sec. 4597 [1] of the Code, are *'unlawfully'* and *'with malice aforethought.'* The words used in this indictment, are not equivalent. The indictment would be good if it charged the offense according either to the common law, or the statutes; but in this case, it follows neither. It does not use the word *'unlawfully,'* and it does not charge the killing to have been unlawful, unless by dubious inference." (emphasis added)

While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, "fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import." It is clear, however, that had the indictment used the words "feloniously" or "unlawfully", it would have been sufficient. The conclusion, then, is that the court must have considered "with malice aforethought" and "maliciously" to be equivalent terms.

That conclusion is supported by the Court's subsequent decision in Fisher v.

1. § 4597 of the Code of 1858 reads as follows:
 "If any person of sound memory and discretion, unlawfully kill any reasonable creature in being, and under the peace of the State, with malice aforethought, either express or implied, such person shall be guilty of murder."

That definition is the precise definition now codified as T.C.A. § 39–2401 and substantially the common law definition of murder described by Sir Edward Coke at 3 Inst. 47. *See*, Blackstone's Commentaries, 194–195 (Lewis, ed. 1900).

State, 78 Tenn. 151 (1882). In that case, the Court, in considering the validity of the trial court's charge stated:

"In defining murder in the second degree, the judge uses the word 'maliciously" instead of 'malice aforethought.' Whether or not there be any difference in the exact meaning of the terms, they are used in our criminal law interchangeably and signify the same thing as we have several times held."

Nonetheless, that questionable language in *Witt*, hereinbefore cited, has caused our Criminal Court of Appeals some difficulty, and we are, therefore, reexamining *Witt*. In Sherod v. State, Tenn.Cr.App., 470 S. W.2d 860 (1971), the court, with one judge dissenting, held an indictment which charged that the defendant did "unlawfully, feloniously, wilfully, and maliciously kill and murder" insufficient to sustain a conviction for murder because the indictment failed to charge that the defendant killed the deceased with malice aforethought citing *Witt* as authority. However, in Coy W. Oatsvall v. State (Tenn. Crim.App. July 31, 1972), reversed on other grounds, the court, with one judge dissenting, held that an indictment which charged that the defendant "did unlawfully, feloniously, wilfully, deliberately and maliciously kill and murder" sufficient thereby disposing of the defendant's assignment of error that the indictment was fatally defective for failure to charge "malice aforethought."

 To dispose of this controversy, we hold that the indictment in the case sub judice was sufficient to sustain the conviction for murder, that consistent with our reading of *Witt* and the Code, the crime may be charged as at common law or in such ordinary and concise language as would enable a person of common understanding to know what is intended and which would enable a court, upon conviction, to pronounce the proper judgment. Further, particular and technical language required at common law is unnecessary, it being sufficient to use words of equivalent import and the terms "with malice aforethought" and "maliciously" are terms of equivalent import which may be used interchangeably. That much of *Witt* which may be read as requiring that the indictment charge and technical term "with malice aforethought" and that "maliciously" is not of equivalent import is hereby overruled. While we realize that it is not strictly necessary, our holding, of course, overrules *Sherod*.

Our conclusion is supported both by the law in the majority of other states and the following logic:

"The fact that malice aforethought means merely that malice must exist at the same time as the act, in effect makes 'aforethought' meaningless surplusage, since the requirement is satisfied by the presence of malice or 'concurrent' malice, rather than antecedent malice. The unimportant character of the adjective 'aforethought' is seen in the fact that in many opinions 'malice' and 'malice aforethought' are used interchangeably and that in many, 'aforethought' is itself omitted. 1 Wharton, Criminal Law and Procedure § 243 (1957).

Accordingly, the judgment of the Court of Criminal Appeals is reversed and the judgment of the Trial Court is affirmed.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.