# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

KENNETH GOOCH,                    )
                                  )
    Petitioner,               )   C. C. A. NO. 02C01-9612-CC-00465
                                  )
vs.                               )   LAKE COUNTY
                                  )
BILLY COMPTON, WARDEN,            )   No. 96-7558
                                  )
    Respondent.               )

# O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on December 17, 1996, and the petitioner filed his brief on January 8, 1997. The record indicates that the petitioner was originally indicted on two counts of aggravated sexual battery, five counts of aggravated rape, and one count of aggravated assault in May 1987. The petitioner was convicted of five counts of aggravated sexual battery, two counts of aggravated rape, and one count of assault and battery in January 1988. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition stating that "[a]llegations concerning the sufficiency of an indictment are not subject to habeas corpus relief." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of

this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Hill represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code. Conversely, the appeal in the present case stems from a denial of a petition for writ of habeas corpus and involves an indictment issued prior to the 1989 changes in the Code. The opinion in Hill was based upon this Court's interpretation of T.C.A. § 39-11-301(c), which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable statute. Accordingly, the decision in Hill does not control our review of the issue raised herein.

At the time of the offense in this case, aggravated sexual battery was defined as "unlawful sexual contact with another accompanied" by certain enumerated circumstances, including that the victim is less than thirteen years of age. T.C.A. § 39-2-606 (1982). Aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that the victim is less than thirteen years of age. T.C.A. § 39-2-603 (1982). Furthermore, anyone who "attempt[ed] to cause or cause[d] serious bodily injury to another willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" was guilty of aggravated assault. T.C.A. § 39-2-101 (1982).

The indictment at issue before us charged that the petitioner "unlawfully and feloniously did commit the crime of aggravated sexual battery by engaging in unlawful sexual contact with [the victim, who] was a child less than thirteen (13) years of age," "unlawfully and feloniously did commit the crime of aggravated rape by engaging in unlawful sexual penetration of [the victim, who] was a child less than thirteen (13)

years of age," and "unlawfully and feloniously did cause (or attempt to cause) serious bodily injury to [the victim] willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of March, 1997.

3

_____
DAVID G. HAYES, JUDGE



_____
JOE B. JONES, PRESIDING JUDGE



_____
PAUL G. SUMMERS, JUDGE