# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

CURTIS NEWBERN,          )
                                 )
      Petitioner,       )   **C. C. A. NO. 02C01-9702-CR-00071**
                                 )
vs.                    )   **SHELBY COUNTY**
                                 )
**STATE OF TENNESSEE,**   )   **No. P-17662**
                                 )
      Respondent.    )

**FILED**

**July 1, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The record was filed on February 20, 1997, and the petitioner filed his brief on April 17, 1997. The petitioner was originally indicted for aggravated rape in May 1987, and was subsequently found guilty of the same. This Court affirmed the conviction and sentence on direct appeal. State v. Curtis Newbern, No. 70 (Tenn. Crim. App., at Jackson, July 5, 1989). Thereafter, the petitioner filed a petition for post-conviction relief. The trial court denied the petition and this Court affirmed that judgment on appeal. Curtis Newbern v. State, No. 02C01-9106-CR-00143 (Tenn. Crim. App., June 10, 1992).

On October 29, 1996, the petitioner filed what is styled a petition for writ of habeas corpus. The petitioner claimed that the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged. The trial court treated the pleading as a petition for post-conviction relief, pursuant to T.C.A. § 40-30-205(c), and denied relief on December 12, 1996, stating that the petition was filed outside the statute of limitation. In the present appeal, the petitioner contends that the trial court erroneously treated the petition as one for post-conviction relief and requests this Court to remand the matter for a hearing on his habeas corpus claim. The petitioner relies upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), in support of his contention on appeal that the indictment is fatal.

Initially, we note that the petitioner did not timely file his notice of appeal. The trial court's order was entered on December 12, 1996, but the notice of appeal was not filed until January 29, 1997. In the interest of justice, however, we have decided to waive the timely filing of the notice of appeal. See T.R.A.P. 4(a).

Nonetheless, having reviewed the state's motion in light of the entire record on appeal, we conclude that the motion is well-taken and should be granted. Under either guise, the petitioner's pleading is without merit. If it is considered a petition for post-conviction relief, as the trial court concluded, the petitioner would be denied relief by the statute of limitation. See T.C.A. § 40-30-202. Moreover, it is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

The petitioner's claim, however, is otherwise without merit. Hill represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code. Conversely, the appeal in the present case stems from a denial of a petition for post-conviction relief and involves an indictment issued prior to the 1989 changes in the Code. The opinion in Hill was based upon this Court's interpretation of T.C.A. § 39-11-301(c), which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable statute. Accordingly, the decision in Hill does not control our review of the issue raised herein.

At the time of the offense in this case, aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that the victim is less than thirteen (13) years old.

2

T.C.A. § 39-2-603 (1982). The indictment at issue before us charged that the petitioner did "unlawfully and feloniously sexually penetrate [the victim], a female less than thirteen (13) years of age." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. See State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ____ day of June, 1997.

3

_____

DAVID G. HAYES, JUDGE

_____

JOE B. JONES, PRESIDING JUDGE

_____

JOE G. RILEY, JUDGE