# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

WILLIAM EDWARD WHITT,

    Petitioner,

vs.

STATE OF TENNESSEE,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

C. C. A. NO. 02C01-9704-CC-00140

LAKE COUNTY

No. 97-7593

FILED

July 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

    This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on April 8, 1997, and the petitioner filed his brief on April 21, 1997. Although the record does not contain a copy of the indictment at issue, thereby precluding the Court from conducting an adequate review, the petitioner asserts in his brief that he was originally indicted for aggravated rape in October 1985, and subsequently convicted of the same. In the present appeal, the petitioner contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

    Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition, stating that "[a]llegations concerning the sufficiency of an indictment are not subject to habeas corpus relief." The trial court also overruled the petitioner's motion to reconsider the order dismissing the original petition. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case.

Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. At the time of the offense in this case, aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that the defendant causes personal injury to the victim. T.C.A. § 39-2-603 (1982). The petitioner contends the indictment at issue here charged that the petitioner did "unlawfully and feloniously engage in sexual penetration of [the victim] by use of fear and coercion and accompanied by and causing personal injury to [the victim]." This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. See State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App., Jan. 31, 1997). Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of June, 1997.


_____
DAVID G. HAYES, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE