# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| **CHARLES R. SMITH**, | ) |
| Petitioner, | ) C. C. A. NO. 02C01-9708-CC-00311 |
| vs. | ) LAUDERDALE COUNTY |
| **ALTON HESSON, WARDEN**, | ) No. 4972 |
| Respondent. | ) |

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. In March 1991, the petitioner was indicted on one count of rape and one count of sexual battery. Though the judgment is not contained in the record, it appears the petitioner was subsequently convicted of rape and sexual battery, and received an effective sentence of thirteen years. On June 18, 1997, the petitioner filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.

On appeal, the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offenses, i.e., the mens rea, and that his convictions, therefore, cannot stand.[1]

At the time of the offenses in this case,[2] rape was the unlawful sexual penetration of another accompanied by several enumerated circumstances, including that force or coercion was used to accomplish the act. T.C.A. § 39-2-604 (1982). Sexual battery was the unlawful sexual contact with another person accompanied by

---

[1] The petitioner also claims that the trial judge erred by dismissing the petition before he could respond to the state's motion to dismiss. Because we find that the indictment in this case is valid, we need not address that claim.

[2] Although the petitioner was indicted in March 1991, the petitioner was charged with committing the offenses in February 1988.

several enumerated circumstances, including that force or coercion was used to accomplish the act. T.C.A. § 39-2-607 (1982). The indictment at issue before us charged that the petitioner did "unlawfully and feloniously sexually penetrate [the victim] . . . by the use of force or coercion" and did "unlawfully and feloniously have sexual contact with [the victim] . . . by force or coercion."

This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-13-202, which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid.

Although not controlling in the present case,[3] the Supreme Court's recent

---

[3] The decision in Hill is based upon the Court's interpretation of T.C.A. § 39-11-301, which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable provision.

opinion in State v. Hill, No. 01S01-9701-CC-00005 (Tenn., Nov. 3, 1997) supports our conclusion. The Court stated that "an indictment need not conform to traditionally strict pleading requirements" and that "in modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Moreover, having reviewed the language of the indictment in this case, we find that it would suffice under the Supreme Court's analysis of the current statutory requirements of notice and form.

Accordingly, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ____ day of December, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE