# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST SESSION, 1997

FILED

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| PAUL ROBERT MASON, | ) |
| | ) No. 02C01-9611-CC-00404 |
| Appellant | ) |
| | ) LAKE COUNTY |
| vs. | ) |
| | ) Hon. JOE G. RILEY, JR., Judge |
| BILLY COMPTON, WARDEN, | ) |
| | ) (Writ of Habeas Corpus) |
| Appellee | ) |

For the Appellant:

**PAUL ROBERT MASON**, *Pro Se*
Register Number 108925
Rt 1, Box 330
Tiptonville, TN 38079-9775

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. PHILLIP BIVENS**
District Attorney General
P. O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, Paul Robert Mason, appeals the trial court's dismissal of his *pro se* petition for writ of habeas corpus. On October 14, 1985, the appellant pled guilty to one count of aggravated rape in the Maury County Circuit Court and was sentenced to twenty years incarceration in the Tennessee Department of Correction. The appellant filed the instant petition on September 20, 1996, alleging that the judgment entered against him is void because the indictment failed to allege the *mens rea* of the offense charged. The trial court properly dismissed the petition on the basis that "allegations concerning the sufficiency of the indictment are not the proper subject of habeas corpus relief." See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Accordingly, we affirm the trial court's dismissal of the petition.

Moreover, we find the substance of the appellant's claim to be without merit. The appellant's reliance upon State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), is misplaced. The decision in Hill involves a post-1989 indictment and specifically addresses Tenn. Code Ann. § 39-11-301(c)(1989) (requirement of a culpable mental state). The appeal now before this court involves a pre 1989 Code indictment. Prior to 1989, the Code did not contain a provision comparable to Tenn. Code Ann. § 39-11-301(c). Accordingly, the decision in Hill does not control review of the issue before us.

On the date of this offense, aggravated rape was defined as the "unlawful sexual penetration of another" accompanied by an enumerated aggravating circumstance, including that "the victim is less than thirteen years old." Tenn. Code Ann. § 39-2-603(a)(4)(1982). The indictment in the present case charged

that the "[appellant] did unlawfully and feloniously, with force and coercion, sexually penetrate . . . a ten year old minor child. . . ." This language was sufficient under the law as it existed at the time. See Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient). This issue is without merit.

The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge