# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

CARL E. SAINE,     )
          )
  Petitioner,    )  **C. C. A. NO. 02C01-9710-CC-00399**
          )
vs.         )  **LAUDERDALE COUNTY**
          )
**ALTON HESSON, WARDEN,**  )  **No. 4983**
          )
  Respondent.   )

**FILED**

**December 15, 1997**

**O R D E R**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appears the petitioner was originally convicted of rape in September 1977, and sentenced to ninety-five years imprisonment. On July 21, 1997, the petitioner filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.

Although the record on appeal does not contain a copy of the indictment, thereby preventing this Court from conducting an adequate review of the issue presented, the petitioner argues in his appellate brief that the indictment is invalid because it failed to assert an essential element of the offense, i.e., the mens rea, and that his conviction, therefore, cannot stand.[1]

At the time of the offense in this case, rape was defined as the "the unlawful carnal knowledge of a woman, forcibly and against her will." T.C.A. § 39-3701 (1975). The indictment at issue before us allegedly charged that the petitioner did "unlawfully, and feloniously have carnal knowledge of Patricia McEntee, a female over the age of twelve (12) years forcibly and against her will." This language was sufficient

---

[1] The petitioner also claims that the trial judge erred in finding that the sufficiency of an indictment cannot be challenged in a habeas corpus proceeding. Because we resolve this matter on other grounds, we need not address that claim.

under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1997)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in <u>Campbell v. State</u>, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid.

Although not controlling in the present case,[2] the Supreme Court's recent opinion in <u>State v. Hill</u>, No. 01S01-9701-CC-00005 (Tenn., Nov. 3, 1997) supports our conclusion. The Court stated that "an indictment need not conform to traditionally strict pleading requirements" and that "in modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Moreover, having reviewed the alleged language of the indictment in this case, we find that it would suffice under the Supreme Court's analysis of the current statutory requirements of notice and form.

---

[2] The decision in <u>Hill</u> is based upon the Court's interpretation of T.C.A. § 39-11-301, which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable provision.

Accordingly, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of December, 1997.

_____
PAUL G. SUMMERS, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID G. HAYES, JUDGE

3