# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

FREDDIE EVERETT RUSSELL,     )
                                 )

      Petitioner,          )    C. C. A. NO. 02C01-9710-CR-00403
                                 )

vs.                        )    SHELBY COUNTY
                                 )

STATE OF TENNESSEE,        )    No. P-17626
                               )

      Respondent.       )

**FILED**

**March 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## <u>O R D E R</u>

       This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. In June 1987, the petitioner was indicted on one count of aggravated rape, one count of incest, and one count of crime against nature. The petitioner was subsequently convicted on all three counts. The petitioner has since filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.

       On appeal, the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offenses, i.e., the mens rea, and that his convictions, therefore, cannot stand.

       At the time of the offenses in this case, aggravated rape was the unlawful sexual penetration of another accompanied by several enumerated circumstances, including that the victim was less than thirteen years of age. T.C.A. § 39-2-603 (1982). T.C.A. § 39-4-306 (1982), defining incest, prohibited any man from having carnal knowledge of his daughter, and T.C.A. § 39-4-306 (1982) provided that crimes against nature were punishable by imprisonment in the penitentiary.

       The indictment at issue before us charged that the petitioner "unlawfully

and feloniously did have sexual penetration of [the victim], a female child under the age of 13 years," "did unlawfully and feloniously have carnal knowledge of [the victim], the said defendant's daughter," and "did unlawfully and feloniously violate the laws of nature by performing cunnilingus on [the victim], and further did violate the laws of nature by having and making [the victim] perform fellatio on the said defendant."

This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-13-202, which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the petitioner of the offenses charged under the law at the time, and is therefore valid.

Although not controlling in the present case,[1] the Supreme Court's recent

---

[1] The decision in Hill is based upon the Court's interpretation of T.C.A. § 39-11-301, which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable provision.

opinion in <u>State v. Hill</u>, No. 01S01-9701-CC-00005 (Tenn., Nov. 3, 1997) supports our conclusion. The Court stated that "an indictment need not conform to traditionally strict pleading requirements" and that "in modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Moreover, having reviewed the language of the indictment in this case, we find that it would suffice under the Supreme Court's analysis of the current statutory requirements of notice and form.

Accordingly, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of February, 1998.


_____
DAVID G. HAYES, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE


3