# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

EARNEST HAWKINS,

      Petitioner,

vs.

BILLY COMPTON, WARDEN,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)

C. C. A. NO. 02C01-9709-CC-00374

LAKE COUNTY

No. 97-7687

FILED

March 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appears the petitioner was indicted for first degree murder in January 1981. It further appears the petitioner pled guilty to the indicted offense and received a life sentence. The petitioner has since filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.

On appeal, the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offense, i.e., the mens rea, and that his conviction, therefore, cannot stand.

At the time of the offense in this case, first degree murder was defined as "[e]very murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate" several enumerated felonies, including robbery. T.C.A. § 39-2-202 (1982).

Although the petitioner is challenging the sufficiency of the indictment, he has failed to include a copy of the indictment in the record. T.R.A.P. 24. Accordingly,

the petitioner has waived the issue and this Court, therefore, is precluded from conducting an adequate review on appeal. See State v. Ballard, 855 S.W.2d 557 (Tenn. 1993).

Nevertheless, the petitioner alleges that the indictment at issue before us charged that the petitioner "did unlawfully, feloniously, willfully, deliberately and maliciously kill and murder [the victim] during the perpetration of attempted robbery." This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in T.C.A. § 40-1802 (now § 40-13-202 (1997)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the petitioner of the offense charged under the law at the time, and is therefore valid. See Charles Edward Orren v. Howard Carlton, Warden, No. 03C01-9704-CR-00141 (Tenn. Crim. App., Feb. 13, 1998). The petitioner seems to suggest that the omission of "premeditated" voids his conviction. What the petitioner fails to realize, however, is that he was charged with felony murder, which, under this statute, does not require a finding

of premeditation.

Although not controlling in the present case,[1] the Supreme Court's recent opinion in State v. Hill, 954 S.W.2d 725 (Tenn. 1997) supports our conclusion. The Court stated that "an indictment need not conform to traditionally strict pleading requirements" and that "in modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Id. at 729. Having reviewed the language of the indictment in this case, we find that it would suffice under the Supreme Court's analysis of the current statutory requirements of notice and form.

Accordingly, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of March, 1998.

_____
DAVID G. HAYES, JUDGE


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE

---

[1] The decision in Hill is based upon the Court's interpretation of T.C.A. § 39-11-301, which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable provision.