# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

JAMES CARR,

    Petitioner,

vs.

STATE OF TENNESSEE,

    Respondent.

)
)
)
)
)
)
)
)
)
)

C. C. A. NO. 02C01-9802-CC-00037

LAKE COUNTY

No. 98-7739

**FILED**

**April 23, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals. In January 1984, the petitioner was indicted on one count of aggravated rape. The petitioner was subsequently convicted of this charge and was sentenced to life imprisonment. The petitioner has since filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment and the jury instruction on reasonable doubt. The trial court denied relief.

On appeal, the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offense, i.e., the mental state, and that his conviction, therefore, cannot stand. The petitioner also contends that the trial judge provided the jury a defective instruction on reasonable doubt.

At the time of the offense in this case, aggravated rape was defined as the unlawful sexual penetration of another accompanied by several enumerated circumstances, including that force or coercion was used to accomplish the act and the defendant was armed with a weapon. T.C.A. § 39-2-603 (1982). The indictment at issue before us charged that the petitioner "did unlawfully, feloniously and forceably [sic] sexually penetrate [the victim], at the time of the said sexual penetration he, the said JAMES CARR was armed with a weapon, to-wit, a knife."

This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in § 40-13-202, which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the petitioner of the offense charged under the law at the time, and is therefore valid. See Orren v. State, No. 03C01-9704-CR-00141 (Tenn. Crim. App., Feb. 13, 1998).

The petitioner also challenges the adequacy of the reasonable doubt jury instruction. The petitioner, however, has failed to include a copy of the indictment in the record. T.R.A.P. 24. Accordingly, the petitioner has waived the issue and this Court, therefore, is precluded from conducting an adequate review on appeal. See State v. Ballard, 855 S.W.2d 557 (Tenn. 1993). Regardless, this is not a proper ground for habeas corpus relief. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (habeas corpus relief available only when convicting court was without jurisdiction to sentence defendant or defendant's sentence has expired).

Accordingly, for the reasons stated above, is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of April, 1998.


_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE