# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL 1998 SESSION

HARRY MCLEMORE, JR.,    )

    )

    Petitioner,    )    C. C. A. NO. 02C01-9711-CC-00436

    )

vs.    )    LAUDERDALE COUNTY

    )

ALTON HESSON, WARDEN,    )    No. 4982

    )

    Respondent.    )

**FILED**

**April 29, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**

This case represents an appeal from the denial of the petitioner's petition for writ of habeas corpus. The petitioner was originally indicted on one count of rape in May 1965, and he was subsequently convicted of the same and sentenced to life imprisonment. In July 1997, the petitioner filed a petition for a writ of habeas corpus challenging the sufficiency of the indictment entered against him. The trial court denied relief.

On appeal,[1] the petitioner argues that the indictment is invalid because it failed to assert an essential element of the offense, i.e., the mens rea, and that his conviction, therefore, cannot stand.

At the time of the offense in this case, rape was defined as "the unlawful carnal knowledge of a woman, forcibly and against her will." See T.C.A. § 39-3701 (1975). The indictment in the case before us charged that the petitioner "did unlawfully and feloniously have unlawful carnal knowledge of [the victim], a female, forcibly and against her will." This language was sufficient under the law as it existed at the time. The statutory requirements for an indictment were found in T.C.A. § 40-1802 (now § 40-13-202 (1997)), which provided simply that:

---

[1] The record reflects that the petitioner did not timely file his notice of appeal in this matter. The trial court order denying relief was entered on August 11, 1997, but the notice of appeal was not filed until November 5, 1997. However, pursuant to T.R.A.P. 4(a), we have decided to waive the timely filing in this case.

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the petitioner of the offense charged under the law at the time, and is therefore valid. See Charles Edward Orren v. Howard Carlton, Warden, No. 03C01-9704-CR-00141 (Tenn. Crim. App., Feb. 13, 1998).

Although not controlling in the present case,[2] the Supreme Court's recent opinion in State v. Hill, 954 S.W.2d 725 (Tenn. 1997) supports our conclusion. The Court stated that "an indictment need not conform to traditionally strict pleading requirements" and that "in modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Id. at 729. See also Orren, slip op. at 7 (emphasis added) ("for the indictment to be sufficient in the present case it need only charge that the accused unlawfully [had carnal knowledge of the victim forcibly and against her will]") Having reviewed the language of the

---

[2] The decision in Hill is based upon the Court's interpretation of T.C.A. § 39-11-301, which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable provision.

indictment in this case, we find that it would also suffice under the Supreme Court's analysis of the current statutory requirements of notice and form.

Accordingly, we find that the indictment at issue meets constitutional and the then-existing statutory requirements, and is therefore valid. It is therefore ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of April, 1998.

_____
DAVID G. HAYES, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE