# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

JAMES W. MASSENGALE,    )
    )
    **Petitioner,**    )    C. C. A. NO. W1999-02434-CCA-R3-CD
    )
vs.    )    SHELBY COUNTY
    )
**STATE OF TENNESSEE,**    )    No. P-17673
    )
    Respondent.    )

FILED

February 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The record was filed on February 19, 1997, and the petitioner filed his brief on March 13, 1997. The petitioner was originally indicted on one count each of aggravated rape and armed robbery in June 1981, and was subsequently found guilty of the same in October 1981. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

_____Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Hill represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code. Conversely, the appeal in the present case stems from a denial of a petition for writ of habeas corpus and involves an indictment issued prior to the 1989 changes in the Code. The opinion in Hill was based upon this Court's interpretation of T.C.A. § 39-

11-301(c), which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable statute. Accordingly, the decision in Hill does not control our review of the issue raised herein.

At the time of the offense in this case, aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that force or coercion is used to accomplish the act and the defendant is armed with a weapon or that the defendant causes personal injury to the victim. T.C.A. § 39-2-603 (1982). Robbery was defined as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear." T.C.A. § 39-2-501(a) (1982).

The indictments at issue before us charged that the petitioner "did unlawfully and feloniously engage in sexual penetration . . . [with the victim] by the use of weapons, to-wit: a shotgun and a pistol, and did thereby force or coerce [the victim] to submit to sexual penetration . . and cause personal injuries to the said [victim]," and "did unlawfully, feloniously and forcibly take from the person [of the victim money of value], with the intent to convert the same to their own use and to deprive the true owner thereof, by the use of force and violence, by the use of dangerous and deadly weapons . . . or by putting the [victim] in fear of bodily injury."

This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language,

2

'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of May, 1997.


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE

3