# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

|                       |     |                                |
|-----------------------|-----|--------------------------------|
| **ANDREA JONES,**     | )   |                                |
|                       | )   |                                |
| Petitioner,           | )   | C. C. A. NO. 02C01-9611-CC-00406 |
|                       | )   |                                |
| vs.                   | )   | LAKE COUNTY                    |
|                       | )   |                                |
| **STATE OF TENNESSEE,** | ) | No. 96-7546                    |
|                       | )   |                                |
| Respondent.           | )   |                                |

**FILED**

**March 26, 2008**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on November 13, 1996, and the petitioner filed his brief on December 3, 1996. The petitioner was originally indicted on one count each of aggravated rape and aggravated kidnapping in September 1986, for which the petitioner was subsequently convicted. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment failed to allege the mens rea of the offense charged.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition stating that "[a]llegations concerning the sufficiency of an indictment are not subject to habeas corpus relief." It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App., Feb. 23, 1995).

Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Hill represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code. Conversely, the appeal in the present case stems from a denial of a petition for writ of habeas corpus and involves an indictment issued prior to the 1989 changes in the Code. The opinion in Hill was based upon this Court's interpretation of T.C.A. § 39-11-301(c), which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable statute. Accordingly, the decision in Hill does not control our review of the issue raised herein.

At the time of the offense in this case, aggravated rape was defined as the "unlawful sexual penetration of another accompanied" by certain enumerated aggravating circumstances, including that "[f]orce or coercion is used to accomplish the act and the defendant is armed with a weapon." T.C.A. § 39-2-603 (1982). Furthermore, anyone

> who unlawfully seize[d], confine[d], inveigle[d], entice[d], decoy[ed], abduct[ed], conceal[ed], kidnap[ped] or carrie[d] away another with the felonious intent to:
>
> (1) Cause the other to be confined secretly against his [or her] will;
> (2) Detain the other against his [or her] will; or
> (3) Send the other out of state against his [or her] will,
> shall be guilty of aggravated kidnapping when one or more of the following circumstances are present:
>
> . . .
>
> (C) The person secretly confined, unlawfully detained or sent out of the state is the victim of any felony committed on his [or her] person during the secret confinement, unlawful detention or carrying out of the state;
> (D) The secret confinement, unlawful detention or carrying out of the state is accomplished while defendant is armed with a deadly weapon.

T.C.A. § 39-2-301(a) (1982).

The indictments at issue before us charged that the petitioner "did unlawfully, feloniously and forcibly, while armed with a weapon, to-wit, a pistol, sexually penetrate [the victim], by making her perform an act of fellatio upon him, thereby committing the

2

crime of AGGRAVATED RAPE," and "did unlawfully, feloniously abduct [the victim], and while detaining her against her will, . . . did commit the felony of AGGRAVATED RAPE, upon the person of [the victim], and did thereby commit the crime of AGGRAVATED KIDNAPPING." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in <u>Campbell v. State</u>, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

> While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of January, 1997.

3

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE