Mr. Justice Johnson
delivered the opinion of the court:
1st. The first ground has not been insisted on in the argument, and it is only noticed, because it was not explicitly abandoned. Without adverting to the question whether the second count charges a statutory or common law offence, it will be sufficient to remark that the writers on *303 Criminal proceedings, not onfy regard it as legal to join a. count at Common law with one on a Statute, but advise it as necessary, and the reason is that it is impracticable to discover in all cases, the precise nature of the evidence, and the grand jury cannot like the petit jury, separate a count and find billa vera as to part, and ignoramus as to the residue. (1 Chilly, 168, 248). They could not therefore on an indictment on a statute, find a true bill on evidence of an offence at common law, but must reject it entirely.
2d. The caption of an indictment must set forth with Sufficient certainty, the court in which the jurors by whom and also the time and place at which the indictment was found. This strictness was required, that it might appear on the face of the indictment that the court had jurisdiction of the offence, that the jurors were'sworn, and that the court was holden at the proper time. (2 Hawkins, P. C. 360-1-2-8.) And it will be found by a reference to the precedents that when courts wer e holden in vacation under special commissioners, it was usual to set out the commission at full length in the caption of the indictment.
The acts of the Legislature, regulating the sittings of the coürts, have appointed the third Mondays in March and October for holding the court at York ; and so far as appears in the face of the indictment, the holding of the court on the second Monday in August was unauthorized, and consequently the prisoner was improperly put on his trial, and according to the reason given, it is bad — and although I do not clearly see the necessity of this strictness under the present organization of the courts, it is safer to adhere to the principle. Another occasion, and perhaps at a distant period, its propriety and necessity may be developed.
There is no doubt however about the right to amend the caption of an indictment at any time, and leave is therefore given to amend.
The following seems to me to conform to the principles laid down, (to-wit:) “At a special Court of Sessions, *304 Began to be holden in and for, &c. at, &c.- on the--day-of, &c. in the year, &c. in, conformity with the Act of Assembly, in such case made and provided? in pursuance of the order of the judges of the Court of Sessions and Common Pleas.”
3d. The argumenten this ground assumed the position that the power of fixing the time for holding the courts? was limited by the 1st sec. of the 3d art. of the constitution to the Legislature alone, and that the delegation of.that power to the judges by the act of 1817, was a violation of it.
The constitution confers on the Legislature a general power to legislate with only two classes of limitations ; those that are directory, and those that are prohibitory ; you shall do this, and you shall forbear to do that. Now, neither this nor any other article of the constitution has fixed or pointed out the time at which the courts are to he holden, or the manner in which itis to be provided for ; nor is there any prohibition on the subject. The Legislature is therefore let free to provide for it in the manner they may think the most adviseable.
4th. The act of 1817, authorizing the holding of special courts, provides and requires that the judges of the courts of Sessions and Common Pleas may, whenever they deem it necessary, order “a Special Court of Sessions and Common Pleas, to be holden in any district, for the purpose of hearing and determining all such causes, rules, and motions, whether criminal or civil, as may be ready for trial in the said court.”
The view taken in support of this ground was that by the words, ready for trial, was a limitation of the powers of the court to the trial of those cases, wherein all the steps preparatory to a trial had been before taken, and consequently that the prisoner could not be indicted and tried at this court. If this construction was to prevail, a special coui't would be worse than useless ; a party, whether on'the civil or criminal side of the court, could answer, I axxi not ready for trial, and deprive the court of its authority to try the cause. The authority to hold a Court of *305 sessions, includes in it all the powers incident to such a court, and necessarily the power to indie*, arraign, and try a prisoner ; and the act itself as necessary tó the execution of this power, has provided for the attendance of a grand jury.
Williams, for the motion.
Clarke, Sol. contra.
Justices Huger, Nutt, Richardson and Colcock, concurred.
Gantt, Justice, dissented.