Johnson, J.
delivered the opinion of the Court.
It is conceded on the part of the motion, that in an action for a malicious prosecution, the declaration must correspond with the record of acquittal, in the style of the Court, and the time at which it was holden ; and that a variance in these particulars would be fatal. Pope v. Foster, 4 T. R. 590. And the only question m the case is, whether the journals of the Court were *66 uot admissible to prove, that they were set out in this declaration ,. , , . , according to the truth, notwithstanding that the caption oí the indictment recited them as of a preceding term.
The caption of an indictment is no part of the finding of the grand jury. It is a ministerial act of the prosecuting officer, setting out the style of the Court and the time at which it was holden, and the names of the jurors, &c. and may be amended and corrected at any time by the journals of the Court. It was allowed in the case of the State v. Williams, 2 McC. 302, and is every day’s practice. It has become so much a matter of course, that it is usually left in blank, until some occasion occurs which renders its perfection necessary, and then leave is obtained for filling it up as a matter of course.
The necessity, however, of an amendment can never arise, except when higher evidence exists, than that which it is proposed to amend. The very idea of an amendment presupposes the existence of that which is more perfect and satisfactory; and the license given to amend the caption of an indictment by the journals of the Court, is founded upon the assumption, that the latter is higher and better evidence. The term at which the Court was holden, is said to have been set out in this declaration conform-ably to the Journals. The plaintiff ought, therefore, to have been permitted to give them in evidence, to shew that it had been incorrectly recited in the caption of the indictment. The order for a nonsuit is therefore set aside, and a new trial granted.
Motion granted.