## STATE v. LARK.

1. ARREST OF JUDGMENT—INDICTMENT—APPEAL—EXCEPTION.—IF DE-
   MURRER be made to an indictment and overruled, and motion be made
   in arrest of judgment on same ground and refused, on appeal, excep-
   tion for error in refusing new trial does not bring up for review
   overruling demurrer.

2. PLEADING.—AN INDICTMENT charging the defendant with committing
   a homicide by striking in the head "with a stone or iron hammer,"
   is not defective for uncertainty or repugnancy in charging the crime
   disjunctively.

3. IBID.—IBID.—ARREST OF JUDGMENT—JUDICIAL NOTICE.—The fact that
   an indictment recites in its caption that it was found some months
   before commission of offense alleged, no motion having been made
   to amend, the facts being that the indictment charges a past offense,
   and that Court journals, of which the Judge would take notice, show
   that the indictment was found after alleged commission of offense,
   is not good ground in arrest of judgment.

Before ——, J., Anderson, February term, 1902.    Affirmed.

Indictment against Walter Lark for murder.    From sen-
tence on verdict of manslaughter, defendant appeals.

*Mr. M. L. Bonham,* for appellant, cites: *As to the use of
the disjunctive "or" in describing the weapon:* Sec. 18, art.
I., Con. 1895; 33 S. C., 111; 2 McC., 377; 1 Bail., 144;
State *v.* O'Neal, 24 L. R. A., Clark's Crim. Prac., 169, 170.

*Assistant Attorney General, Mr. U. X. Gunter,* contra,
cites: *Remedy is by demurrer and not motion in arrest of
judgment for defects apparent on face of indictment:* Crim.
Code, 902, sec. 57.    *There is no error in description of
instrument:* 50 Ala., 102; 36 N. W. R., 310; Crim. Code,
1902, sec. 60.

July 3, 1902.    The opinion of the Court was delivered by
MR. JUSTICE JONES.    The defendant, indicted for mur-
der, was found guilty of manslaughter, and before sentence

was passed moved in arrest of judgment on these grounds: "1. Because it appeared on the face of the indictment that the bill was found at a Court begun to be holden on the 10th of February, 1901, and that the offense was alleged to have been committed on the 11th day of October, 1901; so that it would appear that the bill of indictment was found several months before the offense was committed. 2. Because the indictment alleges 'that the said Walter Lark, him, the said Will Harmon, then and there feloniously, wilfully and of his malice aforethought, with a stone or iron hammer, did strike, &c.' The use of the disjunctive conjunction 'or' in the description of the instrument used, making the indictment fatally defective for uncertainty." The motion was overruled and the defendant was sentenced. The appeal assigns error in refusing to arrest judgment upon the grounds stated.

It appears that the motion in arrest of judgment is based upon objections to the indictment for defect apparent on the face thereof. Sec. 57 Townsend's Code provides that "every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards." The purpose and effect of such legislation is to prevent motions to arrest judgment on grounds based upon defects in indictment apparent on the face thereof. It is true, that such grounds were taken by the defendant's counsel by demurrer or motion to quash before the jury were sworn and the same were overruled, but no exception is taken to the ruling of the Court on the demurrer or motion to quash, and in the absence of such exception, the action of the Court in that regard is not properly under review. This is sufficient to require a dismissal of the appeal.

We will, however, add some observations in reference to the matters upon which a reversal is sought. Sec. 56 Criminal Code provides: "Every indictment shall be deemed and adjudged sufficient and good in law which, in addition to

allegations as to time and place as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood, &c." Sec. 60 Criminal Code provides: "Every indictment for murder shall be deemed and adjudged sufficient and good in law which, in addition to setting forth the time and place, together with a plain statement, divested of all useless phraseology, of the manner in which the death of the deceased was caused, charges that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased." The second objection to the indictment relates to the allegation as to the instrument with which death was caused, and it is contended that the use of the disjunctive "or" in the phrase "with a stone or iron hammer," is fatal for uncertainty and repugnancy. But there is no uncertainty in the statement of the manner in which the death of the deceased was caused. The charge plainly informs the defendant that he is called upon to answer for a homicide committed, not by poisoning, drowning, strangulation, stabbing, shooting with gun or pistol, &c., but by striking on the head with some hard, blunt instrument, a stone or iron hammer. Whether the particular instrument used was a stone or iron hammer, was not material in the information necessary to the Court to enable it to determine whether a crime of which it had jurisdiction was charged, and what punishment to impose in case of conviction, nor was it necessary to enable defendant to prepare for his defense, nor was it necessary in the event of a plea of former acquittal or conviction. It is true, that an indictment must not charge the offense disjunctively, as shown in *State* v. *O'Bannon,* 1 Bail., 144; but the indictment does not violate this principle, for both the offense and the punishment therefor are the same, whether the instrument of death was a stone or hammer.

The other objection to the indictment, viz: that it shows upon its face that the bill of indictment was found before the

offense was committed, is equally untenable in arrest of judgment. Such objection would be fatal if, in fact, the indictment was found before the alleged time of the crime charged; for it would be absurd to charge the commission of a crime after the finding of the indictment. The indictment, however, charges that defendant, on the 11th day of October, 1901, *"did* strike and wound," *"did* kill and murder" the deceased; thus also shownig on its face that the crime charged was a past offense, and committed before the finding of the indictment. The recital in the caption is alone relied on to show that the offense was charged to have been committed before the finding of the indictment. But the best evidence of the time of the finding of the indictment was the Court journals, of which, doubtless, the trial Judge took notice. The cases of *State* v. *Williams,* 2 McCord, 301, and *Vandyke* v. *Dare,* 1 Bail., 65, show that the caption of an indictment is no part of the finding of the grand jury, and may be corrected and amended at any time by the journals of the Court; and the case of the *State* v. *May,* 45 S. C., 509, 23 S. E. R., 513, shows that under sec. 58 Townsend's Code, an indictment charging that an offense was committed in a certain year may be amended on the trial by inserting the proper year. As a matter of fact, the recital in the caption was erroneous, because the 10th day of February, 1901, fell on Sunday, and it was impossible that the Court should have begun to be holden on that day; and the Judge doubtless knew from the journal of the proceedings of the Court, begun to be holden by him on the 10th day of February, 1902, at which term the defendant was brought to trial, that the indictment was, in fact, found during that term. Defects in indictments which may be cured by amendment are not good grounds in arrest of judgment.

The judgment of the Circuit Court is affirmed.