STATE OF NORTH CAROLINA v. MICHAEL DEAN JOHNSON

No. 8524SC181

(Filed 29 October 1985)

1. **Indictment and Warrant § 10— defendant's name not in body of indictment**

Indictments were not invalid because defendant's name was not set forth in the body of the indictments but appeared only in the captions.

2. **Larceny § 4.2— ownership of property stolen—absence of allegation**

An indictment for larceny was fatally defective where it failed to allege the ownership, possession or right to possession of the property stolen.

3. **Larceny § 7.3— variance as to ownership of property stolen**

There was a fatal variance between indictment and proof where a larceny indictment alleged that stolen letter openers were the property of a Catholic church but the evidence showed that they belonged to a priest.

APPEAL by defendant from *Lamm, Judge*. Judgments entered 18 October 1984 in Superior Court, WATAUGA County. Heard in the Court of Appeals 24 September 1985.

*Attorney General Thornburg, by Assistant Attorney General Michael Rivers Morgan, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of two counts of felonious breaking or entering and two counts of felonious larceny. In this Court for the first time he challenges the sufficiency of the two indictments that he was tried on. This is permitted by our law since jurisdiction to try an accused for a felony depends upon a valid bill of indictment. N.C. Constitution art. I, Sec. 22; *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969). And an indictment that does not allege all of the essential elements of the offense is invalid. *State v. Crabtree*, 286 N.C. 541, 212 S.E. 2d 103 (1975).

[1] The first deficiency in the indictments, so defendant contends, is that they do not charge him with committing the crimes referred to therein because his name is not set forth in the body of either indictment. This contention is without merit and we overrule it. Each indictment is captioned "STATE VERSUS MICHAEL DEAN JOHNSON" and states immediately thereafter, "The jurors for the State upon their oath present that on or about the 9th day of August, 1984 in the County named above *the defendant named above* unlawfully, willfully, and feloniously" did break and enter a certain building. (Emphasis supplied.) And each indictment's larceny allegation, which follows the breaking and entering count, is in this same, identical form. That the allegations clearly charge that defendant committed the offenses involved, and that he would not have been any better informed of that fact if his name had been inserted in place of the words "the defendant named above," is obvious, and defendant does not really contend otherwise. His contention, when sifted down, is simply that *State v. Simpson*, 302 N.C. 613, 276 S.E. 2d 361 (1981) requires that the name of the defendant as the person charged be stated in the body of the indictment. We do not understand that decision to be so restrictive. What *State v. Simpson* stands for, in our opin-

ion, is that to be valid an indictment *must either name or otherwise identify* the defendant as the one charged with committing the offenses, and the indictments in this case meet that requirement. The indictment in *Simpson* failed because it neither named nor otherwise identified the defendant as the offender; at the place where defendant's name or identifying reference should have been there was just a blank space.

[2, 3] The next deficiency in the indictments, so defendant contends, is that they do not properly allege the larcenies that he was convicted of. This contention is well taken. A valid indictment for larceny must allege the ownership, possession or right to possession of the property stolen, and an indictment that fails to so allege is fatally defective. *State v. Jessup*, 279 N.C. 108, 181 S.E. 2d 594 (1971). In case 84CRS3968, the indictment charges defendant with breaking or entering a building in Boone occupied by Watauga Opportunities, Inc. and stealing therefrom certain articles of personal property—but the indictment is completely silent as to ownership, possession, and right to possess. And in case 84CRS3969, while the indictment charges defendant with breaking or entering a building occupied by St. Elizabeth Catholic Church and stealing two letter openers, the personal property of St. Elizabeth Catholic Church, the evidence did not show that the church either owned or had any special property interest in the letter openers; it showed, rather, that the articles belonged to Father Connolly. This is a fatal variance between indictment and proof, and the judgment thereon is invalid. *State v. Downing*, 313 N.C. 164, 326 S.E. 2d 256 (1985). Both larceny convictions must be and are vacated. The defendant's other assignments of error are without merit.

In case 84CRS3969, the sentence for breaking or entering must be vacated and the defendant resentenced because the court combined that count with the larceny count for sentencing. In case 84CRS3968, in sentencing defendant the counts were treated separately and the sentence imposed on the breaking and entering count is not disturbed.

No. 84CRS3968—Breaking or entering—no error.

No. 84CRS3968—Felonious larceny—vacated.

No. 84CRS3969—Breaking or entering—vacated and re-manded for resentencing.

No. 84CRS3969—Felonious larceny—vacated.

Judges WEBB and JOHNSON concur.