488 S.E.2d 322

**Cedrick WILSON, Respondent,**

v.

**The STATE, Petitioner.**

**No. 24651.**

Supreme Court of South Carolina.

Submitted May 21, 1997.

Decided July 21, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa Knox, Columbia, for appellant.

Assistant Appellate Defender Lisa T. Gregory, of S.C. Office of Appellate Defense, Columbia, for respondent.

MOORE, Justice:

We granted the State's petition for a writ of certiorari to review respondent's grant of post-conviction relief (PCR). We reverse.

## FACTS

Respondent entered an Alford [1] plea to assault with intent to commit criminal sexual conduct (CSC), first degree. He was sentenced to fifteen years imprisonment [2]. Respondent sought and was granted PCR on the ground of ineffective assistance of counsel.

## ISSUE

Did the PCR judge err in granting respondent PCR based upon counsel's failure to object to an amendment of the indictment?

---

**1.** *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**2.** The State recommended fifteen years and dismissed two other charges which were pending against respondent: lewd act upon a minor and assault and battery of a high and aggravated nature.

## DISCUSSION

At the plea, the solicitor stated there was a typographical error in the indictment. The plea judge asked if there was any objection to amending the caption of the indictment to read first degree. Respondent did not object to the amendment of the caption. The PCR judge found trial counsel was ineffective for failing to object. The State contends the PCR judge erred. We agree.

The caption of the indictment read: "Assault with intent to commit criminal sexual conduct with minor—2nd degree." The body of the indictment read, in part: "that Cedric (sic) Wilson did in Charleston County between June 28, 1993 and July 5, 1993 assault Latisha Rogers with the intent to commit a sexual battery, to wit: sexual intercourse with Latisha Rogers date of birth November 28, 1985. This is in violation of § 16–3–655 of the South Carolina Code of Laws (1976) as amended." [3]

In granting PCR, the PCR judge relied upon *Hopkins v. State,* 317 S.C. 7, 451 S.E.2d 389 (1994), in which the indictment was amended from felony DUI causing great bodily harm to felony DUI causing death. This case is clearly distinguishable from *Hopkins.* In *Hopkins,* there was a substantive amendment of the crime charged and the body of the indictment was amended. Here, there was not an amendment of the body of the indictment—only the caption of the indictment was amended.

The caption of an indictment is not part of the finding of the grand jury and may be corrected and amended at any time by the court. *State v. Lark,* 64 S.C. 350, 42 S.E. 175 (1902); *see also Vandyke v. Dare,* 17 S.C.L. (1 Bail.) 65 (1828); *State v. Williams,* 13 S.C.L. (2 McCord) 301 (1822). The trial court

---

**3.** At the time of the offense, Latisha was 7 years old. S.C.Code Ann. § 16–3–655(1) (1985) provides that: "A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim who is less than eleven years of age." Subsection (2) provides that a person is guilty of second degree CSC if the victim is between the ages of 11 and 14. Subsection (3) provides a person is guilty of second degree CSC if the victim is between 14 and 16 years old and the actor is in a position to coerce the victim. Because of Latisha's age, under § 16–3–655, respondent could be indicted only for first degree CSC.

48

properly amended the caption to conform to the body of the indictment and counsel was not deficient for not objecting to this amendment. The body of the indictment properly charged respondent with first degree CSC with a minor. Accordingly, the grant of PCR is

REVERSED.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.