IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JULY SESSION, 1998

FILED

October 13, 1998

Cecil W. Crowson
Appellate Court Clerk

DANNY R. KING,⁣ )
⁣ )
     Appellant⁣ )
⁣ ) No. 01C01-9710-CR-00487
vs.⁣ )
⁣ ) DAVIDSON COUNTY
⁣ )
STATE OF TENNESSEE,⁣ ) Hon. Thomas H. Shriver, Judge
⁣ )
     Appellee⁣ ) (Writ of Habeas Corpus)

For the Appellant:

**Dwight E. Scott**
4024 Colorado Avenue
Nashville, TN 37209

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Lisa A. Naylor**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Danny R. King, appeals the Davidson County Criminal Court's dismissal of his petition for writ of habeas corpus. The appellant was originally indicted by the Williamson County Grand Jury for aggravated rape and aggravated kidnapping. On December 20, 1982, he was convicted of both counts and received two concurrent life sentences.[1] He filed a *pro se* petition for writ of habeas corpus in January 1997, which was subsequently amended after counsel was appointed. Thereafter, appellant's counsel filed a second amended petition. The trial court dismissed the appellant's petition finding the challenges to the indictment were waived under Tenn. R. Crim. P. 12(b)(2) and (f) and pre-1989 offenses were not determined according to State v. Hill, 954 S.W.2d 725 (Tenn. 1997). The trial court also found the jury instruction was still valid law in Tennessee. The appellant presents four issues for our review:

> 1) whether he waived his right to object to the sufficiency of the indictment pursuant to Rule 12, Tenn. R. Crim. P.;
>
> 2) whether the indictment was fatally defective for failure to allege the requisite *mens rea* depriving the sentencing court of jurisdiction;
>
> 3) whether the indictment was fatally defective in that it was unconstitutionally vague and did not adequately apprise the appellant of his charges against which he had to defend;
>
> 4) whether the jury charge concerning reasonable doubt was constitutionally defective inasmuch as it required a lower burden of proof than what is constitutionally required.

---

[1] The appellant's conviction stems from the "overwhelming evidence" in the November 1981 abduction and rape of Betty Hoover. He and his co-defendant, William D. Buford, were sentenced to two concurrent life sentences. Their convictions were affirmed on appeal to this court. See State v. Buford, No. 83-113-III, (Tenn. Crim. App. at Nashville, Feb. 29, 1984), perm. to appeal denied, (Tenn. April 30, 1984). This court also denied the appellant's post-conviction relief. See State v. King, No. 02C01-9510-CC-00327 (Tenn. Crim. App. at Nashville, Sept. 30, 1996).

2

**ANALYSIS**

**I. Grounds for Habeas Corpus Relief**

The trial court found the appellant had waived his right to challenge the sufficiency of the indictment pursuant to Rule 12, Tenn. R. Crim. P. We disagree. Tennessee law is well-established that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and the petitioner is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Orren v. State, No. 03C01-9704-CR-00141 (Tenn. Crim. App. at Knoxville, Feb. 13, 1998), this court held, in a habeas corpus proceeding, the validity of an indictment may be challenged if it fails to properly charge an offense or the convicting court was without jurisdiction.[2] The trial court lacks the jurisdiction necessary to proceed when *mens rea* is an essential element to an offense and the requisite *mens rea* cannot be fairly imported from the language of the charging instrument. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997); State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1993). Therefore, since the appellant challenges the indictment for failure to state the requisite *mens rea* and failure to properly charge an offense, we will address each in turn.

**II. Sufficiency of the Indictment**

The first step in determining whether an indictment fails to charge an offense

---

[2]We note various panels of this court have held the sufficiency of the indictment cannot be reviewed in habeas corpus proceedings under Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971) and Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969), cert. denied, (Tenn. 1969). However, Haggard and Brown did not involve challenges regarding the court's subject matter jurisdiction or whether the indictment failed to state an offense. Other challenges related to form and not substance in the indictment are waived unless raised prior to trial. Tenn. R. Crim. P. 12(b)(2); see State v. Nixon, No. 02C01-9612-CC-00484 (Tenn. Crim. App. at Jackson, Dec. 3, 1997), perm. to appeal denied, (Tenn. 1998); Tenn. Code Ann. § 40-13-203, -207, -208 (1990).

because of the omission of the required mental state is to establish whether the crime occurred before or after the adoption of the new criminal code, *i.e.*, November 1, 1989. Those offenses occurring after the enactment of the current code are governed by Hill, 954 S.W.2d at 725.[3] Those offenses occurring prior to November 1, 1989, require a different analysis than that suggested by the appellant. Under the pre-1989 Criminal Code, the required *mens rea* of the crime was often included in the statutory definition of the particular offense; however, numerous statutory offenses contained no defined mental state. Therefore, the court must review the indictment to determine whether the challenged indictment tracks the language of the statutory offense charged. "Recitation of the statutory language gives rise to the presumption that the indictment sufficiently apprises the defendant of the mental state required." Orren, No. 03C01-9704-CR-00141 (citing Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973)). Even if the language of the statute is not strictly pursued, the indictment remains sufficient if words of equivalent import or more comprehensive import are used. Campbell, 491 S.W.2d at 361.

## A. Aggravated Rape

The presentment[4] in the case at bar for count one charged that the appellant:

> "unlawfully and feloniously did accomplish and aid and
> abet in the accomplishment of unlawful sexual
> penetration, as defined in Tennessee Code Annotated, §
> 39-3702, of another, Mrs. Betty Hoover, accompanied by
> the following circumstances. The defendants caused
> personal injury to the victim; the defendants were aided
> and abetted by each other and force or coercion was
> used to accomplish the act . . ."

At the time of the offense in this case, aggravated rape was defined as

---

[3] Although Hill is not controlling authority for pre-1989 offenses, its principles are applicable. A post-1989 indictment is sufficient if: (a) the language satisfies the constitutional requirement of notice to the accused, (b) its form meets the requirement set forth in Tenn. Code Ann. § 40-13-202 (Supp. 1996), and (c) the requisite mental state can be logically inferred from the alleged conduct. Hill, 954 S.W.2d at 726-27. If the statute creates an offense, the indictment must charge the facts and circumstances which constitute the offense mentioned in the statute. Hill, 954 S.W.2d at 729; see also Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973).

[4] See Tenn. Code Ann. § 40-1702 (1975) ("Wherever in this Code 'indictment' is used, the same shall be taken to include presentment whenever the context so requires or will permit."); see also Tenn. Code Ann. § 40-13-101(b) (1995).

4

"unlawful sexual penetration of another accompanied by any of the following circumstances" including causing personal injury to the victim and aiding and abetting by one or more persons when force is used to accomplish the act. Tenn. Code Ann. § 39-3703 (a) (2) (3) (A) (Supp. 1981).

In Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 251(1952), the Supreme Court applied common law *mens rea* to statutory crimes. For those crimes originating at common law, an interpretive presumption exists that a *mens rea* is required. Id. Hence, statutory crimes originating from common law that expressly omit scienter in their definition apply the mens rea for the offense that existed under common law.[5] The statutory offense of aggravated rape is a crime originating from common law. See State v. Wilkins, 655 S.W.2d 914, 916 (Tenn. 1983) (defining common law rape as "the unlawful carnal knowledge of a woman over the age of ten years forcibly and without her consent, or, as otherwise expressed, by force, or forcibly and against her will, or such knowledge of a female child under the age of ten years either with or without her consent.").[6] Rape was a general intent crime at common law. See 75 CJS *Rape* § 9 (1952). Accordingly, no intent is required other than that evidenced by the doing of the acts constituting the offense. Id.; see also Orren No. 03C01-9704-CR-00141; Wilkins, 655 S.W.2d at 916.

Therefore, for the presentment to be sufficient in the present count, it need only charge the accused unlawfully sexually penetrated a victim and force or coercion is used to accomplish the act and the defendant is aided and abetted by one other person. We conclude the language of count one of the challenged presentment tracks the language of the statute and sufficiently informed the

---

[5]See Morissette, 342 U.S. at 263, 72 S.Ct. at 251; United States v. Gypsum Co., 438 U.S. 422, 437, 98 S.Ct. 2864, 2873 (1978).

[6]We note that the offense in the present case is aggravated rape and not rape. Our supreme court has recognized that the offense of aggravated rape is but an aggravated form of the common law offense of rape. Wilkins, 655 S.W.2d at 916.

accused of the charge against him.

## B. Aggravated Kidnapping

Requiring a somewhat different analysis, we turn to the presentment on count two which includes the required *mens rea* under the law at the time charging the appellant:

> "unlawfully and feloniously did seize, confine, abduct, conceal, and kidnap another, Mrs. Betty Hoover, with the felonious intent to detain her against her will when the person secretly confined and unlawfully detained was the victim of a felony, Aggravated Rape, or any lesser included felony thereof committed on her person during and secret confinement and unlawful detention . . . ."

On the relevant date, aggravated kidnapping was defined in pertinent part as follows:

> (a) Any person who unlawfully seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away another with the felonious intent to: (1) Cause the other to be secretly confined against his will; or (2) Detain the other against his will; . . . shall be guilty of aggravated kidnaping when one or more of the following circumstances are present: (C) The person ... [u]nlawfully detained ... is the victim of any felony committed on his person during the . . . unlawful detention . . . Tenn. Code Ann. § 39-2603 (Supp. 1981).

The language was sufficient under the law as it existed at the time pursuant to the statutory requirements for an indictment which provided:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. Tenn. Code Ann. § 40-1802 (1975) (now Tenn. Code Ann. § 40-12-202) .

Additionally, in Campbell, 491 S.W.2d at 361, the court stated, "[I]t is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully,' it would have been sufficient." By incorporating the words found in the language of the statute, *i.e.*, unlawfully and feloniously, the presentment sufficiently apprised of the requisite *mens rea* under the law at the time for count two, aggravated kidnapping.

## III. Failure to Properly Charge

6

The appellant avers the presentment was fatally defective in its failure to apprise him of the offenses to defend. Specifically, he argues the presentment alleges the appellant only violated a statutory definition and not an indictable offense. He also argues count one did not contain the words "Aggravated Rape" nor did it refer to Tenn. Code Ann. § 39-3703, the aggravated rape statute. Furthermore, he presents the same argument for count two not using the words "Aggravated Kidnapping" nor referring to the appropriate code section. See Tenn. Code Ann. § 39-2603. Alternatively, the State responds that the presentment was sufficient citing State v. John Haws Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997), perm. to appeal denied, (Tenn. 1997), and Tenn. Code Ann. § 40-13-202. The state argues the reverse side of each count of the presentment contains the listed offenses.

The body of the presentment itself was sufficient to apprise the appellant of the charge to which he was to defend. It sets forth "unlawful sexual penetration" of the victim in count one and "abducts,. . ., kidnaps or carries away another" in count two along with the other essential elements of the crime. See Pope v. State, 149 Tenn. 176, 258 S.W. 775 (1924); Bishop v. State, 122 Tenn. 729, 127 S.W. 698 (1910); Hall v. State, 43 Tenn. 125, (3 Cold.) 125 (1866) (holding indictment sufficient if it informs defendant of offense to answer, informs court of offense and appropriate judgment, and protects defendant from future prosecution for same crime).

The code section referred to in count one was merely to define "unlawful sexual penetration" not to define the actual charge. Moreover, reference to the particular code section is not required; the statute portion referred to is mere surplusage. Cole v. State, 512 S.W.2d 598 (Tenn. Crim. App.), cert. denied, (Tenn. 1974) (finding mistaken subsection of statute as mere surplusage); McCracken v.

7

State, 489 S.W.2d 48, 51 (Tenn. Crim. App. 1972), cert. denied, (Tenn. 1972) (finding reference to incorrect statute as surplusage); Harris v. State, 82 Tenn. 485 (1884) (holding where indictment charges an offense in language of statute, other and additional averments not required by statute should be disregarded as surplusage).

Nevertheless, we hold the reverse side of each count of the indictment may be considered in determining whether the indictment sufficiently apprises the appellant that he was charged with aggravated rape and aggravated kidnapping. The reverse side is accepted by "incorporation by reference." See State v. Nixon, No. 02C01-9612-CC-00484 (Tenn. Crim. App. at Jackson, Dec. 3., 1997) (citing People v. Jeffrey, 94 Ill. App. 3d 455, 49 Ill. Dec. 860, 418 N.E.2d 880, 887 (Ill. App. 1981); State v. Nelson, 514 S.W.2d 581, 584 (Mo. 1974); State v. Hurley, 251 S.W.2d 617, 619 (Mo. 1952); State v. Johnson, 77 N.C. App. 583, 335 S.E.2d 770, 771 (N.C. 1985); Hill v. State, 523 P.2d 1114, 1116 (Okla. Crim. App. 1974)). Since those requisite offenses were stated on the reverse side of the presentment, we think that it is clear that the appellant was apprised of the charges he was to defend, and the presentment is therefore valid.

## IV. Jury Instruction

The fourth challenge by the appellant is the constitutionality of the reasonable doubt jury instruction. We agree with the trial court[7] that the jury instruction is valid

---

[7]The appellant's reliance upon Rickman v. Dutton, 864 F. Supp. 686, 707 (M.D. Tenn. 1994), is misplaced; this court is not bound by federal district court rulings. Moreover, in Austin v. Bell, 126 F.3d 843, 846-47 (6th Cir. 1997), the court found the reasonable doubt instruction valid. Regardless, the United States Supreme Court did not find the use of "moral certainty" constitutionally invalid. Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239 (1994). The Court was primarily concerned with the terms "grave uncertainty" and "actual substantial doubt" used in conjunction with the "moral certainty" provision. Cage v. Louisiana, 498 U.S. 39, 41, 111 S.Ct. 328, 329-30 (1991). The jury instruction presently in question did not contain the particular terms of concern. Moreover, the Tennessee Supreme Court has upheld a similar instruction using the phrase "moral certainty," State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909 (1995), and this court has also upheld similar instructions. Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994), perm. to appeal denied, (Tenn. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn.

in Tennessee, however, this court has repeatedly held that a challenge to a jury instruction does not present a claim for writ of habeas corpus relief. See Hall v. Mills, No. 01C01-9510-CV-00339 (Tenn. Crim. App. at Nashville, Aug. 1, 1996), perm. to appeal denied, (Tenn. 1996); Voss v. Raney, No. 02C01-9501-CC-00022 (Tenn. Crim. App. at Jackson, Aug. 2, 1995), perm. to appeal denied, (Tenn. 1995). The appellant's sentence has not expired as the record clearly indicates, nor would this issue render his judgment void. This issue raised by the appellant, even if it were valid, would only render his judgment voidable, making it an issue to be raised in a post-conviction petition[8] not a petition for writ of habeas corpus.

Based upon the above reasons, the judgement of the trial court denying the appellant's petition for writ of habeas corpus is affirmed.

_____

DAVID G. HAYES, Judge

CONCUR:

_____

PAUL G. SUMMERS, Judge

_____

JERRY L. SMITH, Judge

_____

1994). We are bound to follow precedent of our state's supreme court. Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976).

[8]Although a trial court is allowed to entertain a petition of habeas corpus as one for post-conviction relief, the trial court's dismissal remained appropriate. Post-conviction relief must be filed in the county of the appellant's conviction, Williamson County, and not Davidson County Criminal Court. See Tenn. Code Ann. § 40-30-204, -205 (c).