534 S.E.2d 687

**The STATE, Petitioner,**

**v.**

**James Barney WARREN, Respondent.**

**No. 25160.**

Supreme Court of South Carolina.

Heard Nov. 17, 1999.

Decided June 26, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General G. Robert Deloach, III, all of Columbia; and Walter M. Bailey, Jr., of Summerville, for petitioner.

Assistant Appellate Defender Robert M. Pachak, of Office of Appellate Defense, of Columbia; and Francis X. McCann, of Charleston, for respondent.

PER CURIAM:

This case is before the Court on a writ of certiorari to review the Court of Appeals' decision in *State v. Warren,* 330 S.C. 584, 500 S.E.2d 128 (Ct.App.1998). We reverse.

Respondent was convicted of second degree criminal sexual conduct with a minor, his stepdaughter Christy. During Christy's cross-examination, respondent's counsel elicited the fact that respondent had also allegedly sexually abused Christy's sister Brandy. When the State attempted to exploit this information, respondent's objection was sustained and a curative instruction was given. Never-the-less, respondent's counsel continued to elicit information about Brandy's allegations, and the State continued to exploit these opportunities and others. Respondent's counsel objected to some, but not all, of the solicitor's questions.[1]

At the close of the evidence, respondent's counsel asked for an instruction telling the jury not to consider prior bad acts as

---

[1]. The Court of Appeals' opinion contains a full recital of the facts.

proof of the crime with which respondent was charged. The judge declined to give the charge, and respondent appealed. The Court of Appeals addressed this issue by reviewing numerous appellate decisions, some involving the use of prior bad acts as impeachment evidence[2] and others where the prior bad act was admitted under *Lyle*[3] as substantive proof that the defendant had committed the crime charged.[4] The Court concluded the evidence of the alleged assault on Brandy must have been admitted as substantive evidence under *Lyle*, and therefore the limiting instruction should have been given pursuant to *State v. Timmons*, 327 S.C. 48, 488 S.E.2d 323 (1997). We disagree.

The fundamental problem with this case is that the "bad act" evidence was not presented **by the State** as substantive evidence of guilt, nor was it introduced **by the State** in an attempt to impeach respondent's character. Instead, it was introduced largely through the questioning conducted by respondent's attorney. While we appreciate the efforts of the Court of Appeals to find an avenue affording respondent relief, it simply cannot be done on this record. We express no opinion whether respondent may be entitled to relief in a collateral proceeding. Accordingly, the opinion of the Court of Appeals is

REVERSED.

---

**2.** *E.g., State v. Brown*, 296 S.C. 191, 371 S.E.2d 523 (1988).

**3.** *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

**4.** *E.g., State v. Nix*, 288 S.C. 492, 343 S.E.2d 627 (Ct.App.1986).