550 S.E.2d 332

**The STATE, Respondent,**

v.

**Leroy WILKES, Appellant.**

**No. 3355.**

Court of Appeals of South Carolina.

Heard April 2, 2001.
Decided June 11, 2001.
Rehearing Denied Aug. 23, 2001.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Eleanor Duffy Clearly, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor John R. Justice, of Chester, for respondent.

SHULER, Judge.

Leroy Wilkes appeals his convictions for assaulting two correctional facility employees, arguing the indictments did not confer subject matter jurisdiction on the trial court.[1] We agree and vacate.

With limited exceptions, "[n]o person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed...." S.C. Const. art. I, § 11; S.C.Code Ann. § 17–19–10 (1985). This provision has been interpreted to mean that, in the absence of an indictment by the grand jury or a valid waiver of presentment, the circuit court lacks subject matter jurisdiction over the offense. *State v. Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992); *State v. Beachum*, 288 S.C. 325, 342 S.E.2d 597 (1986); *Summerall v. State*, 278 S.C. 255, 294 S.E.2d 344 (1982). A circuit court, therefore, has subject matter jurisdiction only if: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the offense is a lesser included offense of the crime charged in the indictment. *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998).

An indictment is sufficient if the offense is stated with [enough] certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. The true test of the sufficiency of an indictment is not whether it could be

---

1. Wilkes was also convicted of resisting arrest, but that conviction is not part of this appeal.

made. more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.

*Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) (citations omitted). Ordinarily, an indictment "phrased substantially" in the language of the pertinent statute is sufficient. *State v. Shoemaker,* 276 S.C. 86, 88, 275 S.E.2d 878, 879 (1981).

Wilkes was indicted and subsequently convicted of violating S.C.Code Ann. section 16–3–630, which provides criminal penalties for any "assault upon an employee of a state or local correctional facility performing job-related duties...." S.C.Code Ann. § 16–3–630 (Supp.2000). Thus, in order to contain the necessary elements of the offense, an indictment must allege first, that an assault occurred; second, that the victim of the assault was a state or local correctional facility employee; and third, that the employee was performing job-related duties.

▉ In the present case, the body of the first indictment charges: "That Leroy Wilkes did in Chester County on or about April 24, 1999 assault Officer Marilyn K. Givens while she was attempting to process him after arrest." The body of the second indictment is identical to the first, except that it identifies a male officer, Eric Schmid, as the victim of the assault. Although both indictments allege Wilkes assaulted officers who were processing him, and thus performing job-related duties, they fail to identify the officers as correctional facility employees. *See Brown v. State,* 343 S.C. 342, 350, 540 S.E.2d 846, 850 (2001) (vacating convictions for lack of subject matter jurisdiction where "the indictments on their face failed to contain a necessary element of the offense").

Despite this failure, the State asserts two grounds for finding the indictments in question conferred jurisdiction. First, the State argues the body of each indictment alleges the crime in the language of the statute. Specifically, the State contends the officer's status as correctional facility employees is contextually implied in the indictment. We disagree.

Although the indictments allege Wilkes assaulted officers who were attempting to process him after his arrest, we do

not think this implies that the officers were employees of a correctional facility. They could easily have been the arresting officers, who were not employees of such a facility.

Next, the State argues the indictments are sufficient when the charging language in the body of each indictment is considered in conjunction with its caption. Both of the indictments are captioned, "ASSAULT ON CORRECTIONAL FACILITY EMPLOYEE § 16–3–630." [2] The State contends the bodies of the indictments, combined with the statutory reference in the captions, enabled Wilkes to know what offenses he was "called upon to answer" as well as what plea he should enter on the charges. *Carter,* 329 S.C. at 362, 495 S.E.2d at 777. Again, we must disagree.

Clearly, the caption of an indictment is not part of the grand jury's findings. *Wilson v. State,* 327 S.C. 45, 488 S.E.2d 322 (1997); *State v. Lark,* 64 S.C. 350, 42 S.E. 175 (1902); *State v. Warren,* 330 S.C. 584, 500 S.E.2d 128 (Ct.App.1998), *rev'd on other grounds,* 341 S.C. 349, 534 S.E.2d 687 (2000). For purposes of conferring jurisdiction, the grand jury presents upon its oath only that which appears below the caption in the charging body of the indictment. *Cf. State v. Bennett,* 271 N.C. 423, 156 S.E.2d 725, 726 (1967) ("The caption of an indictment ... is not part of it and the designation therein of the offense sought to be charged can neither enlarge nor diminish the offense charged in the body of the instrument.").

Reliance upon a caption to bolster a fatally deficient indictment is, therefore, contrary to the constitutional mandate that, for most offenses, a defendant may only be required to answer an indictment of the grand jury. S.C. Const. art. I, § 11; *cf. State v. Tabory,* 262 S.C. 136, 141, 202 S.E.2d 852, 854 (1974) (holding the State "may not support a conviction for an offense intended to be charged by relying upon a caption to the exclusion of the language contained in the body of the indictment").

The indictment or information does not have to expressly allege each element of the crime if the statute violated is referred to in the information or indictment and the missing

---

**2.** Additionally, the words "assault on correctional officer" and "assault on correctional facility employee" appear in the titles of the first and second indictments respectively.

element is set forth in the statute. However, a reference to the statute and the class of crime in the caption of the information is not part of the information and cannot supply a missing essential element in the information.

42 C.J.S. *Indictments and Informations* § 113 (1991) (citations omitted).

Moreover, this case is distinguishable from *State v. Assmann*, 46 S.C. 554, 24 S.E. 673 (1896), where an indictment that failed to allege the county in which the crime occurred was held to confer jurisdiction because the county's name appeared in the caption and margin. *Id.* at 559–60, 24 S.E. at 675. In that case, as well as in numerous cases cited therein, the indictment was held valid because the county named in the caption and margin was incorporated by reference into the body itself with language such as "the county and state aforesaid." *Id.* at 559–60, 24 S.E. at 673–75; *see also State v. Nelson*, 514 S.W.2d 581 (Mo.1974) (holding that the person named as the defendant in the caption and referred to in the body of the indictment by the words "the defendant" was clearly the party charged with the offense stated); *State v. Johnson*, 77 N.C.App. 583, 335 S.E.2d 770, 771 (1985) (holding that the use of referencing language such as "the defendant named above" is sufficient to satisfy the requirement that a valid indictment must name or otherwise identify the defendant, where the defendant's name appeared in the caption). Here, no such reference exists.

## *CONCLUSION*

Because the indictments failed to allege the victims were correctional facility employees, a necessary element of the offense, the trial court lacked subject matter jurisdiction to convict Wilkes of the assaults. Accordingly, the resulting convictions and sentences are

**VACATED.**

CURETON, J., concurs.

HEARN, C.J., dissents in a separate opinion.

HEARN, Chief Justice:

Respectfully, I dissent. In evaluating the sufficiency of an indictment, this court should "look at the issue with a practical eye in view of the surrounding circumstances." *State v. Gunn*, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993); *see also State v. Thompson*, 305 S.C. 496, 501 n. 1, 409 S.E.2d 420, 423 n. 1 (Ct.App.1991) (giving "a common sense reading [to] the indictment as a whole"). If the offense is stated with sufficient certainty and particularity to enable the trial court to know what judgment to pronounce, and the defendant to know what he is called upon to answer, the indictment passes legal muster. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998); *State v. Hamilton*, 344 S.C. 344, 364, 543 S.E.2d 586, 597 (Ct.App.2001). When these indictments are viewed in their entirety with a practical eye, I believe they were sufficient to enable both the trial court and Wilkes to know what crimes they alleged.

The indictments state that Givens and Schmid were "officers" and that the assault occurred while they attempted to process Wilkes "after arrest." The majority holds the indictments are fatally defective because the language employed could be construed to identify Givens and Schmid as arresting officers rather than officers employed by a state or local correctional facility as provided by S.C.Code Ann. § 16–3–360 (Supp.2000). I disagree. In my view, the indictments are not fatally defective simply because they fail to allege that Givens and Schmid were correctional facility employees. The caption of each indictment clearly states the charge as "assault on correctional facility employee." Moreover, the title, located just above the charging language on the same page, reads "assault on correctional facility employee" and refers to "§ 16–3–630."

I do not read *State v. Tabory*, 262 S.C. 136, 202 S.E.2d 852 (1974), as broadly as the majority opinion to hold that a reviewing court cannot consider a caption or a title in reviewing the sufficiency of an indictment. *Tabory* holds that "the State may not support a conviction for an offense intended to be charged by relying upon a caption *to the exclusion of the language contained in the body of the indictment.*" 262 S.C. at 141, 202 S.E.2d at 854 (emphasis supplied). It does not

hold that the caption of an indictment may not be considered when, as here, it is consistent with the charging language, nor does it prohibit the court from looking at the title of an indictment when scrutinizing it for legal sufficiency. In the past, this court has looked to the title of an indictment as a factor in determining sufficiency. *See Hamilton*, 344 S.C. at 364, 543 S.E.2d at 597 (considering title in finding indictment sufficient). If there was any doubt in the mind of the trial judge or Wilkes as to what type of "officers" Givens and Schmid were, it was clarified by the language in the title located immediately above the charging language. Viewing the indictments "with a practical eye," I would hold that where they specifically identify the victims as officers assaulted by Wilkes after his arrest, and the title cites the relevant statute and refers to correctional facility employees, the indictments are sufficient to confer jurisdiction on the trial court. Accordingly, I would affirm the trial judge.