595 S.E.2d 456

**Robert H. KOON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25798.**

Supreme Court of South Carolina.

Submitted Feb. 19, 2004.

Decided April 5, 2004.

Rehearing Denied May 14, 2004.

Andrew David Grimes, of Summerville, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Chief Capital & Collateral Litigation Donald Zelenka, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for Respondent.

Justice WALLER:

Petitioner filed this petition for a writ of certiorari pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), addressing the questions petitioner sought to have reviewed from the order denying his 1987 PCR application. We affirm the denial of relief in part, but vacate one of petitioner's convictions because we find that the trial court lacked subject

matter jurisdiction to accept a guilty plea to one of the second-degree burglary charges.

## FACTS

Petitioner pled guilty to four counts of second-degree burglary in 1986. He was sentenced to ten years imprisonment, concurrent, on each count. No direct appeal was taken. Petitioner filed a PCR application in 1987. That application was denied following a hearing, and petitioner did not seek certiorari.[1]

In 1997, petitioner filed a PCR application related to other charges. At that hearing, petitioner sought to amend his application to include an allegation that the circuit court did not have subject matter jurisdiction to accept his 1986 guilty pleas. The PCR judge ordered that the subject matter jurisdiction issue be addressed in a separate PCR application.

In March 2001, a hearing was held in the circuit court on the subject matter jurisdiction issue and petitioner's *Austin* claim. The PCR judge denied relief as to the subject matter jurisdiction claim. As to petitioner's *Austin* claim, the PCR judge found petitioner knowingly and voluntarily waived his right to appellate review of the denial of his first PCR application.

Petitioner filed a petition for a writ of certiorari, and this Court found there was no evidence to support the PCR judge's finding that petitioner knowingly and voluntarily waived his right to seek appellate review of the denial of his 1987 PCR application. Accordingly, the Court ordered petitioner to serve and file a petition, pursuant to *Austin*, addressing the questions petitioner sought to have reviewed from the order denying his 1987 PCR application.

## ISSUES

1. Did the circuit court have jurisdiction to accept petitioner's pleas to second-degree burglary?

---

1. Petitioner has filed multiple PCR and habeas corpus petitions. Most of the procedural history is irrelevant to the issues currently before the Court.

2. Would petitioner's due process rights be violated if the Court fails to remand the matter to the circuit court to have the 1987 PCR hearing record reconstructed?

## 1. SUBJECT MATTER JURISDICTION

Petitioner claims the circuit court lacked subject matter jurisdiction over three of his second-degree burglary indictments because the indictments allege petitioner broke into a "dwelling" instead of a "building." We disagree.

Three of petitioner's four indictments specifically allege that: (1) petitioner was charged with second-degree burglary; (2) petitioner entered without consent; (3) petitioner entered with the intent to commit a crime therein; and, (4) petitioner entered during the nighttime. However, the indictments each allege, respectively, that petitioner entered the "dwelling of Cudd–Lovelace Insurance Company," the "dwelling of Bill Willard," and the "dwelling of P & G Motors." The only evidence presented at the plea hearing was that the "dwellings" were actually businesses, including evidence that the "dwelling of Bill Willard" was actually an office adjacent to P & G Motors. None of the indictments specify whether petitioner was indicted under S.C.Code Ann. § 16–11–312(A) or (B) (2003).

Section 16–11–312(A) states that a person is guilty of burglary in the second degree if that person enters a dwelling without consent and with the intent to commit a crime therein. Section 16–11–312(B) states that a person is guilty of burglary in the second degree if that person enters a building without consent and with the intent to commit a crime therein, and one or more aggravating factors is present. One of the aggravating factors is that the burglary occurred in the nighttime.[2]

Petitioner argues the second-degree burglary indictments for the dwellings of Cudd–Lovelace, P & G Motors, and Bill Willard do not allege the essential elements of second-degree burglary under § 16–11–312(A) because the indictments allege petitioner entered "dwellings" at night rather than during the day. Petitioner also contends the indictments do not allege the essential elements of second-degree burglary under § 16–

---

2. Section 16–11–312 (2003) remains unchanged from § 16–11–312 (Supp.1986).

11–312(B) because the indictments fail to allege that petitioner entered a building, and that a dwelling is not necessarily a building.

Initially, it must be noted that petitioner argued at the 2001 PCR hearing that the trial court lacked subject matter jurisdiction over the 1986 second-degree burglary indictments. In his order denying relief on the subject matter jurisdiction issue, the PCR judge took judicial notice of an unpublished Court of Appeals decision involving petitioner's direct appeal of a separate conviction. In that case, petitioner was appealing his 1997 convictions for second-degree burglary and grand larceny, for which he was sentenced to life without parole (LWOP) because the 1986 second-degree burglary convictions were serious offenses.[3] The Court of Appeals rejected petitioner's argument that the indictments could not be used as predicate offenses under the recidivist statute because the indictments alleged petitioner entered a "dwelling" instead of a "building." *State v. Koon*, Op. No.2000–UP–291 (S.C. Ct. App. filed April 18, 2000). The Court of Appeals found that three of the four 1986 indictments were correctly used as predicate offenses to sentence petitioner to LWOP as a recidivist because the indictments were sufficient to identify which subsection of the second-degree burglary statute petitioner pled guilty to. This Court denied the subsequent petition for a writ of certiorari to the Court of Appeals. Accordingly, the PCR judge denied petitioner's subject matter jurisdiction allegation because the Court of Appeals and this Court had already rejected the claim.

■ Because petitioner previously litigated and lost this argument before the Court of Appeals and on certiorari to this Court, petitioner should be precluded from making the same argument in his *Austin* brief. *Jinks v. Richland County*, 355 S.C. 341, 585 S.E.2d 281 (2003) (collateral estoppel prevents a

---

**3.** Upon conviction for a serious offense, a person must be sentenced to a term of imprisonment for LWOP if that person has two or more prior convictions for a serious offense. S.C.Code Ann. § 17–25–45(B)(1) (2003). A second-degree burglary conviction pursuant to § 16–11–312(B) qualifies as a serious offense for the purpose of enhancement under the recidivist statute, while a second-degree burglary conviction pursuant to § 16–11–312(A) does not qualify as a serious offense. S.C.Code Ann. § 17–25–45(C)(2)(b).

party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action); *Doe v. State*, 294 S.C. 125, 363 S.E.2d 106 (1987). However, because the precise issue litigated did not involve subject matter jurisdiction, and because the State failed to raise collateral estoppel as an affirmative defense in its brief, we have addressed the issue on the merits.

A circuit court has subject matter jurisdiction if: (1) there has been an indictment that sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser-included offense of the crime charged in the indictment. *Locke v. State*, 341 S.C. 54, 56, 533 S.E.2d 324, 325 (2000); *State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 424 (1999). An indictment is sufficient to convey jurisdiction if it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend. *Granger v. State*, 333 S.C. 2, 4, 507 S.E.2d 322, 323 (1998) (citing *State v. Evans*, 322 S.C. 78, 470 S.E.2d 97 (1996)). An indictment phrased substantially in the language of the statute that creates and defines the offense is ordinarily sufficient. *State v. Shoemaker*, 276 S.C. 86, 88, 275 S.E.2d 878, 879 (1981). Subject matter jurisdiction may be raised at any time, including for the first time on appeal. *Weinhauer v. State*, 334 S.C. 327, 330, 513 S.E.2d 840, 841 (1999); *Browning v. State*, 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995).

We find that the three indictments petitioner questions sufficiently set forth the elements of second-degree burglary under § 16–11–312(B), despite the fact that the indictments initially refer to the "buildings" as "dwellings." The indictments specify which structure petitioner was charged with entering, that petitioner entered each structure without consent, that petitioner intended to commit a crime therein, and that petitioner entered in the nighttime, which is one of the aggravating factors. Further, it is clear from the record that petitioner was charged with second-degree burglary for entering buildings, that petitioner pled guilty to second-degree burglary for entering buildings, and that petitioner did not plead guilty to second-degree burglary as a lesser-included offense of first-degree burglary. We hold the indictments sufficiently apprised petitioner of the offense charged and the

circumstances he should have been prepared to defend. *Granger, id.* at 4, 507 S.E.2d at 323.

■ Petitioner also contends the trial court lacked subject matter jurisdiction in regard to the Stylette burglary indictment. Petitioner argues the Stylette indictment contains a fatal inconsistency because the indictment was issued eight days before the crime was alleged to have occurred.[4] Petitioner contends that, because there is no evidence the incorrect date was a scrivener's error, the Court should vacate petitioner's second-degree burglary conviction for the Stylette burglary.

In *State v. Lark,* 64 S.C. 350, 42 S.E. 175 (1902), a murder indictment showed on its face that it was found before the murder was committed. In refusing to arrest the judgment, the Court found that it would be absurd to charge a crime before it was committed, and noted that the indictment indicated the murder was a past offense, obviously committed before the finding of the indictment. *Lark, id.* at 352–53, 42 S.E. at 176.

As noted in *Lark,* it would have been absurd for the grand jury to indict petitioner for an offense that had yet to be committed. The Stylette indictment, like the murder indictment in *Lark,* indicates the crime was committed in the past.

■ However, though petitioner failed to raise this issue, the Stylette indictment fails to allege any aggravating factor, such as whether the burglary occurred at nighttime, as required by § 16–11–312(B). Further, all the evidence in the record indicates Stylette was a business, not a dwelling. Therefore, we hold that the Stylette indictment fails to sufficiently allege the elements of second-degree burglary pursuant to § 16–11–312(A) or (B), and only alleges the elements of third-degree burglary. S.C.Code Ann. § 16–11–313(A) (2003) (a person is guilty of burglary in the third degree if the person enters a building without consent and with the intent to

---

4. The Stylette indictments charges that:

At a court of General Sessions, convened on the **21st day of April, 1986,** the Grand Jurors of Cherokee County Present upon their oath: That [petitioner] did in Cherokee County **on or about the 29th day of April, 1986,** did [sic] enter the dwelling of Stylette without consent and with the intent to commit a crime therein.

(emphasis added).

commit a crime therein). Accordingly, the circuit court did not have jurisdiction to accept petitioner's guilty plea to second-degree burglary on the Stylette indictment, and that conviction is vacated.[5]

## 2. RECONSTRUCTION HEARING

Petitioner contends the Court must remand this matter to the circuit court to have the record of his 1987 PCR hearing reconstructed because there is no transcript of that proceeding.

Where a transcript has been lost or destroyed, a court may remand to have the record reconstructed. *See Whitehead v. State*, 352 S.C. 215, 574 S.E.2d 200 (2002); *China v. Parrott*, 251 S.C. 329, 162 S.E.2d 276 (1968) (trial judge reconstructed the record where court reporter records were unavailable).

Petitioner contends he has non-frivolous issues that cannot be reviewed absent a full development of the record. Petitioner claims that, during the 1987 evidentiary hearing, the chief issue was whether his guilty pleas were knowingly, intelligently, and voluntarily entered, and that there is some indication they were not so entered because petitioner was not advised of his right to confront the witnesses against him.

Petitioner also contends it is impossible to assess the merits of his claim that the State withheld *Brady*[6] material without a transcript of the 1987 PCR hearing. The alleged *Brady* violation seems to involve "mud samples" that petitioner claims police collected in connection with the investigation. However, in his brief, petitioner failed to allege any specifics regarding the allegation and failed to state whether the PCR judge ruled on the issue in the 1987 order denying relief.[7]

---

**5.** While petitioner failed to raise this issue in his brief, subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the court. *City of Columbia v. South Carolina Pub. Serv. Commn.*, 242 S.C. 528, 533, 131 S.E.2d 705, 707 (1963); *State v. Wright*, 354 S.C. 48, 52, 579 S.E.2d 538, 540 (Ct.App.2003).

**6.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**7.** Petitioner failed to include a copy of the 1987 order denying relief, and has provided no reason why the order could not be included in the appendix.

At his 1986 plea, petitioner admitted that he committed all the burglaries. Petitioner admitted he entered P & G Motors and Bill Willard's office, but did not find anything to steal. Petitioner also admitted he entered Cudd–Lovelace through the side door. However, later in the plea, petitioner claimed he was innocent and had witnesses who would testify he was not at the scene of the crime. Petitioner also stated he was only agreeing to plead guilty because he was facing a lot of prison time.

Petitioner further stated at the plea that no one had promised him anything in exchange for his pleas, other than a ten-year sentence, and that no one had threatened him or coerced him to plead guilty. The plea judge informed petitioner that he was entitled to a jury trial; that the State would have to prove him guilty beyond a reasonable doubt if he went to trial; that petitioner did not have to testify; that if petitioner chose not to testify, his decision would not be held against him; and, that if petitioner had any witnesses who would tend to prove him innocent, the State would be required to bring them to trial. Petitioner also stated that he was satisfied with counsel and that counsel had done everything petitioner asked. The plea judge ruled that petitioner's pleas were voluntarily and intelligently made.

Petitioner has presented no evidence his pleas were not knowingly, intelligently, and voluntarily entered. *Butler v. State,* 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985), *cert denied,* 474 U.S. 1094, 106 S.Ct. 869, 88 L.E.2d 908 (1986) (the burden is on the applicant in a post-conviction proceeding to prove the allegations in his application). In regard to the alleged *Brady* violation, petitioner has provided no specifics regarding how counsel was ineffective and whether this allegation is even preserved for review. Therefore, we deny petitioner's request to remand for a reconstruction hearing.

## CONCLUSION

Petitioner's subject matter jurisdiction claims concerning the Cudd–Lovelace, P & G Motors, and Bill Willard indictments for second-degree burglary are denied. The Stylette conviction is vacated because the indictment fails to allege the necessary elements of second-degree burglary. Finally, peti-

tioner's request to remand for a reconstruction hearing is denied.

**AFFIRMED IN PART AND VACATED IN PART.**

TOAL, C.J., MOORE and PLEICONES, JJ., concur.
BURNETT, J., not participating.